Melva Hernandez SCRUGGS, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–88–0730–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

April 20, 1989.

Donald W. Bankston, Richmond, for appellant.

Richard A. Dawson, Asst. Dist. Atty., Richmond, for appellee.

Before SAM BASS, COHEN and MIRABAL, JJ.

## OPINION

COHEN, Justice.

A jury found defendant guilty of driving while intoxicated and assessed punishment

at imprisonment for 60 days, probated for one year, and a $250 fine.

Appellant first contends that the trial court should have granted a mistrial because the prosecutor asked the arresting officer if he knew the results of a breath test. The second point of error asserts that the court erred in denying a mistrial after the prosecutor violated a motion in limine by asking the same question of appellant.

Prior to trial, the State unsuccessfully sought a continuance because it had no expert witness available to testify to the predicate required for the admission of breath test results. Both attorneys said during opening statements that the breath test results would not be presented because the necessary witness was absent.

■ The following occurred during the State's direct examination of its sole witness, the arresting officer:

Q: Detective, did you have the opportunity to administer a breath test to this defendant?

A: Yes, ma'am I did.

Q: And were your present at the time that it was administered?

A: Yes, ma'am.

Q: And was a reading received on the Intoxilyzer?

A: Yes, ma'am.

Q: Do you know what that score is?

A: Yes, ma'am.

The jury was retired, and defense counsel objected that the proper predicate had not been shown. The prosecutor made no attempt to defend the question; rather, she immediately offered to withdraw it. Appellant requested a mistrial, contending that the prosecutor was attempting to elicit evidence "that any prosecutor in this land would know would be totally inadmissible knowing that she could not lay that predicate." This, of course, the prosecutor had already conceded in her opening remarks to the jury. Nevertheless, she asserted that if defense counsel had not objected properly, the breath test results could have been proved by the officer. Once the trial court sustained the objection, the prosecutor stat-

ed that she did not intend to pursue that line of questioning further:

I can get this breath test in through this witness. However, it's up to the defense to object, which he has. So fine, I stopped there.... I don't see why I should be faulted in my attempt to get a breath score in.... if you rule against me, fine, I stop; and I will move on to another approach. But I shouldn't be faulted simply because I'm trying to get in all the evidence that I possibly can. Now if he made an objection and it's a proper objection then I don't intend to pursue that line of questioning. But I can get these results in technically through the witness if there are no objections about it by the defense and that was all I was trying to do ...

I don't see any harm in me trying to get my scores in through this witness. And if the defense is objecting, then he made a timely objection and I can stop the line of questioning; but I will try every approach I can to get this breath test in.

The court sustained the objection and then granted a motion in limine:

that *any mention of a test result not be brought before this jury* unless and until the counsel approaches the bench and we have a hearing outside the presence and hearing of this jury to determine the admissibility of any such evidence.

(Emphasis added.)

The prosecutor claimed to understand the ruling and agreed to abide by it:

I understand your ruling. I gave it a shot. That's all I can say. I'm not going to pursue it.

The court nevertheless undertook to emphasize to the prosecutor the seriousness of the issue:

The court: Even though you almost blew this jury? Is it worth it?

Prosecutor: I don't see that I blew the jury.

The court: No, you didn't quite; but is it worth it to take the shot?

Prosecutor: We'll see when they come back with a verdict. I just say—

The court: I'm not talking about a verdict. I'm talking about right now. My question to you as an officer of this court, is it worth it to blow this jury with a question that can be so prejudicial that I would have to declare a mistrial?

Prosecutor: When you present it to me that way, I'll say no it wasn't worth it; but I also don't think that that type of line of questioning is impermissible. Otherwise I wouldn't have pursued it. There have been situations where I have gotten the breath score in without the technical supervisor being present and the defense has made no objection.

The court: I understand that.

Prosecutor: So I tried. That's all.

The court: *Are you objecting to this motion?*

Prosecutor: *Oh, no, sir. I understand the motion.*

(Emphasis added.)

The court denied appellant's motion for mistrial.

The court again signaled the strength of its displeasure with these events by the language of its instruction to disregard the prosecutor's question:

> You're not to consider that question or even imagine what the results or the response to the question might be during the course of this trial or during your deliberations.

If this were the only error before us, we would affirm because the court gave a prompt and strong instruction to disregard, the results of the test were not disclosed, and appellant could have prevented the error by making a pretrial motion in limine. Indeed, we overrule the first point of error for all of these reasons. However, there is more.

The record reflects that the prosecutor violated the motion in limine by raising the subject again in front of the jury without approaching the bench. Appellant testified on direct examination as follows:

Q. Did you have an occasion to accompany him to the Fort Bend County Jail to a video room?

A. Yes sir.

Q. You performed every test he asked of you?

A. Yes sir I did.

\* \* \* \* \* \*

Q. Do you remember the test?

A. Yes I do.

Q. And in your opinion were you able to enunciate and pronounce clearly?

A. Yes, sir, I was able to.

Q. There in the video?

A. Yes, sir, perfect pronunciation.

Q. Did he have to give you a test; that is a poem for you to read or a saying?

A. Yes, sir, he had me read from papers some kind of poem or my country 'tis of thee and I was able to perform all the tests that he asked, all the poetry recitations or whatever.

Q. He explained some rights to you as he said?

A. Yes he did.

Q. You understood them?

A. Yes.

Q. You did every thing he asked you?

A. Yes sir.

On cross-examination, the prosecutor asked:

Q. You did submit to a breath test that night, didn't you?

A. That's right, I did.

Q. Do you know the result of that test?

The court then sustained appellant's objection and instructed the jury to disregard the question. A lengthy argument concerning appellant's motion for mistrial took place in which the State sought to justify violation of the motion in limine on two grounds, one erroneous and the other irrelevant.

The prosecutor claimed to believe that the motion in limine applied only to the State's case in chief, not to other parts of the trial. The State has directed us to nothing in the record supporting that interpretation or that could give rise to a good faith basis for misunderstanding. Indeed, the prosecutor had declared that she understood the court's ruling, did not object to it, and would not repeat such questions. Second, the prosecutor relied on *Birdwell v.*

*State,* 510 S.W.2d 347 (Tex.Crim.App.1974), to argue that appellant had "opened the door" to the question about the results. We disagree that appellant's testimony opened the door to breath test results. The record indicates that appellant's testimony related not to breath test results, but to physical tests shown on the State's videotape of appellant while she was in custody at the county jail. However, even if *Birdwell* furnished a basis for the admissibility of the evidence, it afforded no basis for ignoring the order granting the motion in limine. If the prosecutor thought the question was admissible, her duty was to approach the bench outside the jury's presence, as the trial judge had forcefully and repeatedly stressed.

■ Texas cases have consistently held that breath test results cannot be admitted without a proper predicate. *Graham v. State,* 710 S.W.2d 588 (Tex.Crim.App.1986); *Palafox v. State,* 509 S.W.2d 846 (Tex.Crim.App.1974); *French v. State,* 484 S.W.2d 716, 719 (Tex.Crim.App.1972).

In *Lackey v. State,* 148 Tex.Crim. 623, 190 S.W.2d 364 (Tex.Crim.App.1945), an animal cruelty case, the prosecutor knowingly offered incompetent testimony before the jury in order to impeach a witness. A unanimous Court of Criminal Appeals declared:

[W]e would again emphasize that no question should be propounded which the prosecutors know to be inadmissible, for if it is done, and the circumstances are such that the person on trial may have been injured thereby, the case should be and will be reversed.

... Prosecuting attorneys are officers of the state, whose duty it is to see that justice is done, and they should never attempt to get before the jury evidence they know to be inadmissible.

190 S.W.2d at 365.

The prosecutor in this case did so twice, even after being ordered not to do so by the trial judge. As former Chief Justice Burger has written,

The orderly and expeditous administration of justice by the courts requires that 'an order issued by a court ... must be obeyed....' *This principle is especially applicable to orders issued during trial. Such orders must be complied with promptly and completely....*

*Maness v. Meyers,* 419 U.S. 449, 459, 95 S.Ct. 584, 591, 42 L.Ed.2d 574 (1975) (citations omitted).

Courts have reversed when prosecutors violated orders granting motions in limine and injected evidence of extraneous offenses. *Lucas v. State,* 378 S.W.2d 340 (Tex.Crim.App.1964); *Tate v. State,* 762 S.W.2d 678 (Tex.App.—Houston [1st Dist.] 1988, pet. granted); *Govan v. State,* 671 S.W.2d 660 (Tex.App.—Houston [1st Dist.] 1984, pet. ref'd). Although this prosecutor did not mention an extraneous offense, she tried "every approach I can to get this breath test in," knowing that it would either get in or that the jury, seeing appellant repeatedly object to it, might well infer that the results favored the State. Even the trial judge's extraordinary caution in soliciting an objection from the prosecutor and committing her to abide by his ruling were unavailing. As we stated in *Tate,* 762 S.W.2d at 682,

In this case, the trial judge did all he could to avoid this error. He granted the motion in limine. He sustained the objection. He gave a strong instruction to disregard. Unfortunately, this was not enough to avoid, or in our opinion, to cure the effect of the prosecutor's performance.

Finally, we cannot conclude beyond a reasonable doubt that the prosecutor's conduct made no contribution to the conviction. The State's evidence was not overwhelming. The State produced one witness, the arresting officer, and no evidence of an accident, a scientific test, bad reputation, or prior offenses. The State's videotape shows appellant performing physical tests in a manner consistent with sobriety. Appellant presented her own testimony and that of a reputation witness. After hearing four hours of testimony, the jury deliberated for two hours at the guilt stage and sent out a note asking for all physical evidence. The record does not suggest that a guilty verdict was a foregone conclu-

sion or that the jury reached that verdict easily. We find no reason to conclude that questions intended to be harmful were, in fact, harmless.

The second point of error is sustained.

The judgment is reversed, and the cause is remanded to the county court.