Amanda HILL, Appellant,

v.

STATE of Texas, Appellee.

No. 11–90–123–CR.

Court of Appeals of Texas,
Eastland.

Oct. 10, 1991.

Rehearing Denied Nov. 21, 1991.

Jim Skelton, David Bires, Bires & Bires, Houston, for appellant.

John B. Holmes, Dist. Atty., Houston, for appellee.

McCLOUD, Chief Justice.

The jury found appellant guilty of possession of heroin with intent to deliver and assessed her punishment at confinement for 20 years and a $45,000 fine. We reverse and remand.

Appellant contends, in her first point of error, that the trial court erred in denying her motion for mistrial when a State's witness testified regarding a hearsay statement that the court had previously specifically ruled was inadmissible. In her second point of error, appellant argues that the trial court erred in admitting, over her objection, hearsay statements of a confidential informant. We will sustain both points of error.

Just prior to the reading of the indictment, the court held a hearing outside the presence of the jury to determine the admissibility of evidence of an informant. R.D. Whitworth, a Houston police officer, testified regarding information he had re-

ceived about appellant from an informant. After hearing the officer's testimony, the court ruled that the officer could testify to receiving information, "not what that information was," in the area of dealing heroin; that the officer received information regarding appellant from the informant; that the officer was told that appellant either owned or drove a black Cadillac having a specific license plate number; and, that the black Cadillac would be in a parking lot at Enid and Link Streets. Appellant objected to the testimony on the grounds that it was hearsay and that it violated her right of confrontation under the sixth amendment to the United States Constitution. The trial court specifically ruled and instructed Officer Whitworth not to testify that he was told by the informant that appellant was "dealing heroin on a daily basis" or meeting customers in the parking lot to "sell the heroin."

The jury was then brought into the courtroom, and appellant pled to the indictment. The State then called Officer Whitworth as its first witness, who briefly described to the jury his duties as an undercover narcotics officer. He testified that a "reliable credible informant" brought appellant to the officer's attention approximately three days before appellant's arrest. He stated that an informant was someone other than a policeman who provided an undercover officer with information concerning an investigation. At this point, appellant renewed her objection to any information from the informant because it was inadmissible hearsay and because it violated appellant's right of cross-examination under the sixth amendment to the United States Constitution. The objection was overruled, and the court granted appellant a "continuous objection" to this line of testimony.

The State then asked Officer Whitworth to tell the jury the nature of the information received from the informant regarding appellant. The officer answered, "That Amanda Hill was dealing heroin." Appellant moved for a mistrial urging to the court that the court had just conducted a hearing on this matter and had ruled that the witness was not to go into this type of testimony. The court denied appellant's motion for mistrial. Appellant then asked the court to instruct the jury not to consider the testimony. The court instructed the jury to disregard the comment made by the witness. The witness stated that he did not "understand the motion."

The State responds to appellant's first point of error by pointing out that appellant moved for a mistrial before requesting that the court instruct the jury to not consider the statement that appellant was "dealing heroin." The method employed by appellant was sufficient in the instant case to preserve error. *Coe v. State*, 683 S.W.2d 431 (Tex.Cr.App.1984); *Koller v. State*, 518 S.W.2d 373 (Tex.Cr.App.1975).

The State next argues that the error in the admission of the improper testimony was cured by the trial court's instruction to the jury to disregard the testimony. The rule is well established that error in the admission of improper testimony is cured by the court's instruction to the jury to disregard, except in extreme cases where it appears that the evidence is clearly calculated to inflame the minds of the jury and is of such character as to suggest the impossibility of withdrawing the impression produced on their minds. *Kelley v. State*, 677 S.W.2d 34 (Tex.Cr.App.1984).

Appellant was being tried for possession with intent to deliver heroin. The court specifically instructed the officer not to say anything about receiving information from an informant that appellant was dealing heroin. Shortly thereafter, the witness testified that he was told by a "reliable credible informant" that appellant was "dealing heroin."

We hold that this is the type of "extreme" case that was recognized in *Kelley*. The officer's testimony was clearly inadmissible hearsay, and the court had just instructed the officer not to testify that he had been told by the informant that appellant was dealing or selling heroin. The officer's answer was clearly calculated to inflame the minds of the jury and was of such character as to suggest the impossibil-

ity of withdrawing the impression produced on the minds of the jurors. See *Williams v. State*, 643 S.W.2d 136 (Tex.Cr.App.1982); *Robinette v. State*, 816 S.W.2d 817 (Tex. App.—Eastland, 1991).

We also agree with appellant that the trial court erred in admitting, over appellant's objection, the specific details of the information Officer Whitworth received from the informant. There was no probable cause issue before the jury. The officer's actions were not in issue. The evidence admitted before the jury clearly connected appellant with the information. See *Perez v. State*, 678 S.W.2d 85 (Tex.Cr.App. 1984). Officer Whitworth testified that he received information concerning narcotics activity. He testified that the informant told him that a black Cadillac would be used and that the license plate of the Cadillac was "121–QWJ." The officer stated that he was also told that the Cadillac would be at a club at the corner of Enid and Link Streets. The officer testified that, after receiving the information, he went to appellant's house and observed appellant driving the black Cadillac with license plate number 121–QWJ. The officer followed the Cadillac to a parking lot of a club located at Enid and Link Streets.

The State argues that this information was not hearsay because it was not offered for the truth of the matters asserted. See TEX.R.CRIM.EVID. 801(d). The State urges that the sole purpose of the testimony was to show why appellant, the black Cadillac, and the club were the focus of Officer Whitworth's investigation and surveillance. Thus, the State argues that the purpose was to show what was said rather than the truth of the matter stated.

The Court in *Schaffer v. State*, 777 S.W.2d 111 (Tex.Cr.App.1989), stated:

The police officer, however, should not be permitted to relate historical aspects of the case, replete with hearsay statements in the form of complaints and reports on grounds that she was entitled to tell the jury the information upon which she acted.

The Court observed that, when the officer's actions are not put in question before the jury, testimony that the officer acted upon "information received" or words to that effect should be sufficient.

The hearsay details of the information received from the informant were inadmissible. *Smith v. State*, 574 S.W.2d 555 (Tex.Cr.App.1978); *Smith v. State*, 511 S.W.2d 296 (Tex.Cr.App.1974); *Williams v. State*, 760 S.W.2d 292 (Tex.App.—Texarkana 1988, pet'n ref'd). The introduction of the hearsay evidence affected a substantial right of appellant. TEX.R.CRIM. EVID. 103(a).

We must now determine whether the introduction of the hearsay evidence discussed under appellant's first and second points resulted in reversible error under TEX.R.APP.P. 81(b)(2) which provides:

If the appellate record in a criminal case reveals error in the proceedings below, the appellate court shall reverse the judgment under review, unless the appellate court determines beyond a reasonable doubt that the error made no contribution to the conviction or to the punishment.

The Court in *Harris v. State*, 790 S.W.2d 568 (Tex.Cr.App.1989), wrote extensively on the proper way to perform a harmless error analysis. The Court concluded:

In summary, a reviewing court in applying the harmless error rule should not focus upon the propriety of the outcome of the trial. Instead, an appellate court should be concerned with the integrity of the process leading to the conviction. Consequently, the court should examine the source of the error, the nature of the error, whether or to what extent it was emphasized by the State, and its probable collateral implications. Further, the court should consider how much weight a juror would probably place upon the error. In addition, the Court must also determine whether declaring the error harmless would encourage the State to repeat it with impunity. In summary, the reviewing court should focus not on the weight of the other evidence of guilt, but rather on whether the error at issue might possibly have prejudiced the ju-

rors' decision-making; it should ask not whether the jury reached the correct result, but rather whether the jurors were able properly to apply law to facts in order to reach a verdict. Consequently, the reviewing court must focus upon the process and not on the result. In other words, a reviewing court must always examine whether the trial was an essentially fair one. If the error was of a magnitude that it disrupted the juror's orderly evaluation of the evidence, no matter how overwhelming it might have been, then the conviction is tainted. Again, it is the effect of the error and not the other evidence that must dictate the reviewing court's judgment.

In the instant case, Officer Whitworth and Sergeant Ray Matlock each testified that when they arrested appellant she had approximately a gram of "tar" or pure heroin in her pocket and approximately 80 small aluminum foil packets of "powdered" heroin in her purse. Appellant, however, testified that she had no heroin in her pocket and no heroin in her purse at the time she was arrested. Appellant contended that the officers took her to a parking lot near the "D.E.A." office and that Officer Whitworth told her that, if she could get someone that night who had "pure heroin," they would let her go but, if she did not, that they were going to file on her. She stated that they asked her specifically about a woman from Rio Grande City. Appellant contended that she told the officers that she did not know the woman. Appellant's defensive theory was that she was meeting Joe Alvarado who had some jewelry that he wanted to sell to her and that Alvarado was in her car at the time the undercover officers arrived and arrested appellant. She contended that Alvarado was probably working with the officers and that the purpose of the arrest was to get her to work with the officers.

There was overwhelming evidence that appellant was guilty. That, however, is not the test under Rule 81(b)(2). The issue to be decided by the jury was whether appellant possessed the heroin with intent to deliver. The inadmissible hearsay went to the heart of the controversy. Appellant was concerned about the hearsay statements, and she properly brought the matter to the attention of the trial court. The trial court carefully instructed the witness not to testify before the jury that the informant had told the officer that appellant was dealing heroin. Nevertheless, within minutes thereafter, the witness told the jury that a reliable credible informant had told the officer that appellant was a heroin dealer.

After applying the harmless error analysis discussed in *Harris,* we cannot conclude beyond a reasonable doubt that the error made no contribution to the conviction or to the punishment. The judgment of the trial court is reversed, and the cause is remanded for a new trial.