**Raymond Travis POOLE, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 11–94–155–CR.**

Court of Appeals of Texas,
Eastland.

Oct. 5, 1995.

Danny D. Burns, Fort Worth, for appellant.

Jerry D. Ray, District Attorney, Palo Pinto, for appellee.

## OPINION

DICKENSON, Justice.

The jury convicted Raymond Travis Poole of the offense of possession of less than 28 grams of cocaine,[1] found both enhancement allegations to be true, and assessed his punishment at confinement for life.[2] We reverse and remand.

### Points of Error

Appellant has briefed five points of error. In the first point, he challenges the sufficiency of the evidence. In his third point, appellant complains that the admission of testimony about a statement by his wife violated the "hearsay rule." TEX.R.CRIM. EVID. 802. The second,[3] fourth,[4] and fifth

---

1. At the time of the offense, TEX.HEALTH & SAFETY CODE ANN. § 481.115 (1992) provided that the offense was a felony of the second degree.

2. TEX.PENAL CODE ANN. § 12.42(d) (Vernon 1994) provides that punishment shall be by confinement for life or for a term of not less than 25 years nor more than 99 years.

3. In the second point, he argues that the search warrant was invalid.

4. In the fourth point, appellant argues that fundamental error occurred when his wife was re-

points [5] become moot and need not be discussed because of our holding in Point of Error No. 3.

### Sufficiency of Evidence

 Appellant argues in his first point of error that the evidence is insufficient to support his conviction. He contends that the State failed to link him to the cocaine. In order to determine if the evidence is sufficient, we must review all of the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Geesa v. State*, 820 S.W.2d 154 (Tex.Cr.App.1991). In cases involving unlawful possession of a controlled substance, the State must prove that the accused exercised care, custody, control, or management over the substance and that the accused knew that the matter possessed was contraband. *Martin v. State*, 753 S.W.2d 384 (Tex.Cr.App.1988); *Humason v. State*, 728 S.W.2d 363 (Tex.Cr.App.1987).

The record shows that the officers executed a search warrant at appellant's residence on January 7, 1994, after receiving information from a reliable informant that appellant was in possession of cocaine. When the officers arrived, appellant's wife, Brenda Poole, was standing at the front door talking to someone who was on the front porch. Appellant was inside the house, about three feet from the back door, when the officers entered the house and saw him. There were no other adults in the house. The officers found $1,158 and a small amount of marihuana in appellant's possession. They also found a brown pill bottle containing 6.35 grams of cocaine about 15 yards from the back door. No fingerprints were found on the pill bottle.

Officer Darryl Gilmore testified that the officers found the pill bottle after Brenda told him that appellant had thrown the pill

bottle out the back door when appellant saw the police coming. At trial, Brenda denied that she had made this statement. Brenda also denied that appellant lived at the residence at the time of the search. However, there was a substantial amount of controverting evidence that appellant did reside there at the time.

██ We hold that the evidence is sufficient to show that appellant exercised care, custody, control, or management over the cocaine and that he knew it was contraband. In response to appellant's arguments under this point, we note there is nothing in the record to show that appellant's wife was an accomplice or that the statement which she made to the police was used for impeachment purposes only. We also note that as the reviewing court we must consider all the evidence the jury was permitted to consider. *Johnson v. State*, 871 S.W.2d 183 at 186 (Tex.Cr.App. 1993), *cert. den'd*, —— U.S. ——, 114 S.Ct. 1579, 128 L.Ed.2d 222 (1994). The first point of error is overruled.

### Spouse' Out-of-Court Statement

██ In his third point, appellant argues that the trial court erred in allowing the State to introduce the statement made by Brenda Poole at the time their house was searched. Appellant properly objected at trial, and he argues on appeal that the statement was hearsay. See TEX.R.CRIM. EVID. 801–804.

██ After the police had been searching the house for 15 to 20 minutes, Officer Gilmore took Brenda to a bedroom to interview her. He told Brenda "that if she was arrested that we would call welfare or child protective services to come get the children." He also told Brenda that, if she cooperated, she could remain at the house with her two toddler children. Brenda then told the officer that appellant had thrown the cocaine out the back door.[6]

---

quired to invoke her spousal privilege in the presence of the jury.

**5.** In his final point, appellant contends that the trial court committed fundamental error by allowing the State to comment on his wife's invocation of the spousal privilege not to testify.

**6.** We note that, contrary to appellant's contention, Brenda's out-of-court statement to Officer Gilmore does not violate the husband/wife privilege. TEX.R.CRIM.EVID. 504(2) merely protects an accused's spouse from being called as a witness for the State. *Jones v. State*, 859 S.W.2d

Brenda's statement constitutes hearsay under Rule 801, and it does not fall under any of the exceptions listed in Rule 803 or 804. Consequently, the trial court erred in overruling the objection and in allowing Officer Gilmore to testify regarding Brenda's hearsay statement.

We must now determine whether the introduction of the hearsay evidence resulted in reversible error under TEX. R.APP.P. 81(b)(2) which provides:

> If the appellate record in a criminal case reveals error in the proceedings below, the appellate court shall reverse the judgment under review, unless the appellate court determines beyond a reasonable doubt that the error made no contribution to the conviction or to the punishment.

In *Harris v. State*, 790 S.W.2d 568 at 587 (Tex.Cr.App.1989), the Court of Criminal Appeals interpreted Rule 81(b)(2) and concluded:

> In summary, a reviewing court in applying the harmless error rule should not focus upon the propriety of the outcome of the trial. Instead, an appellate court should be concerned with the integrity of the process leading to the conviction. Consequently, the court should examine the source of the error, the nature of the error, whether or to what extent it was emphasized by the State, and its probable collateral implications. Further, the court should consider how much weight a juror would probably place upon the error. In addition, the Court must also determine whether declaring the error harmless would encourage the State to repeat it with impunity. In summary, the reviewing court should focus not on the weight of the other evidence of guilt, but rather on whether the error at issue might possibly have prejudiced the jurors' decision-making; it should ask not whether the jury reached the correct result, but rather whether the jurors were able properly to apply law to facts in order to reach a verdict. Consequently, the reviewing court must focus upon the process and not

537 at 540 (Tex.App.—Houston [1st Dist.] 1993, pet'n ref'd).

on the result. In other words, a reviewing court must always examine whether the trial was an essentially fair one. If the error was of a magnitude that it disrupted the juror's orderly evaluation of the evidence, no matter how overwhelming it might have been, then the conviction is tainted. Again, it is the effect of the error and not the other evidence that must dictate the reviewing court's judgment.

The issue to be decided by the jury was whether appellant possessed the cocaine. The inadmissible hearsay went to the heart of the controversy. It was the only direct evidence that appellant ever possessed or controlled the cocaine; and the State emphasized this testimony during closing argument. After applying the harmless error analysis discussed in *Harris*, we cannot conclude beyond a reasonable doubt that the error made no contribution to the conviction or to the punishment. See, e.g., *Leos v. State*, 883 S.W.2d 209 at 212 (Tex.Cr.App.1994); *Hill v. State*, 817 S.W.2d 816 (Tex.App.—Eastland 1991, pet'n ref'd). The third point of error is sustained.

The judgment of the trial court is reversed, and the cause is remanded for a new trial.