TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00501-CR







Tommy Lee Booker, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF HAYS COUNTY, 22ND JUDICIAL DISTRICT


NO. CR-95-86, HONORABLE JACK ROBISON, JUDGE PRESIDING







PER CURIAM


 A jury found appellant guilty of aggravated assault of a public servant and assessed
punishment at imprisonment for sixty years and $10,000 fine. Tex. Penal Code Ann. §
22.02(a)(2), (b)(2) (West 1994). We will affirm.

 On the night of January 21, 1995, Department of Public Safety trooper David
Menchaca observed a pickup truck driven by appellant travelling south on Interstate 35 at ninety
miles-per-hour. When Menchaca turned on his emergency lights, appellant refused to stop and
a high-speed chase ensued that ultimately involved three Department of Public Safety units. 
During the course of this incident, appellant attempted to force Menchaca's vehicle off the road. 
The jury found that appellant used his truck as a deadly weapon to threaten Menchaca with bodily
injury.

 Appellant gave a videotaped statement to the police following his arrest. A pretrial
motion to suppress this statement was overruled as to the first portion of the tape, but granted as
to the remainder. In point of error one, appellant contends the district court should have declared
a mistrial when the prosecutor commented on the suppression order during trial. When the
videotape was played and the point at which the motion to suppress had been granted was reached,
the prosecutor stated, "Based on the Court's ruling, I'm going to terminate the interview at this
time." Appellant objected to the prosecutor's "comment as the basis for turning off the video at
this time and relating it to a ruling of the Court." The district court instructed the jury to
disregard the prosecutor's "statement concerning the fact that he just turned off the video on my
instructions. I don't tell him how to put on his case, he does it himself." Appellant's motion for
mistrial was overruled.

 Appellant relies on opinions from cases in which a prosecutor attempted to adduce
evidence known to be inadmissible. Lackey v. State, 190 S.W.2d 364, 365 (Tex. Crim. App.
1945); Scruggs v. State, 782 S.W.2d 499, 502 (Tex. App.--Houston [1st Dist.] 1989, pet. ref'd). 
As appellant concedes, the prosecutor did not engage in such misconduct in this cause. Instead,
he merely alluded to a previous court order to explain why he was stopping the videotape. If this
statement was improper, the district court's instruction was adequate to remove any prejudice to
appellant. The court did not abuse its discretion by overruling the motion for mistrial. Point of
error one is overruled.

 Cocaine was found in a sample of appellant's blood taken following his arrest. In
his second point of error, appellant contends that his cocaine use was an inadmissible extraneous
offense and the district court erred by permitting the State to adduce this evidence at trial.

 Witnesses for the State testified without objection that the blood sample was taken
and tested for the presence of alcohol and controlled substances. Appellant also did not object
when the prosecutor asked the Department of Public Safety toxicologist for the results of the blood
test. The witness answered that it "indicated positive for cocaine." At this point, appellant
objected for the first time that his cocaine use was an inadmissible extraneous offense and that the
probative value of the evidence was outweighed by its prejudicial nature. Tex. R. Crim. Evid.
403, 404(b). The objections were overruled. The chemist went on to testify that cocaine
intoxication produces a euphoria that can manifest itself in risky or aggressive behavior.

 A timely objection is required to preserve error in the admission of evidence. Tex.
R. Crim. Evid. 103(a)(1); Tex. R. App. P. 52(a). Appellant did not object when the State asked
the toxicologist for the blood test result. Instead, he allowed the question to be asked and
answered before voicing his objection. Under the circumstances, any error was waived.

 Moreover, appellant's cocaine use on the night in question was indivisibly
connected with the charged offense, serving both to explain and to give context to appellant's
behavior. Therefore, the evidence was admissible as same transaction contextual evidence. 
Camacho v. State, 864 S.W.2d 524, 531-32 (Tex. Crim. App. 1993); Lockhart v. State, 847
S.W.2d 568, 571-72 (Tex. Crim. App. 1992). Because the evidence proved the context of the
offense, its possible prejudicial effect did not substantially outweigh its probative value. Lockhart,
847 S.W.2d at 571. Point of error two is overruled.

 The judgment of conviction is affirmed.


Before Justices Powers, Aboussie and Jones

Affirmed

Filed: February 27, 1997

Do Not Publish



ckup truck driven by appellant travelling south on Interstate 35 at ninety
miles-per-hour. When Menchaca turned on his emergency lights, appellant refused to stop and
a high-speed chase ensued that ultimately involved three Department of Public Safety units. 
During the course of this incident, appellant attempted to force Menchaca's vehicle off the road. 
The jury found that appellant used his truck as a deadly weapon to threaten Menchaca with bodily
injury.

 Appellant gave a videotaped statement to the police following his arrest. A pretrial
motion to suppress this statement was overruled as to the first portion of the tape, but granted as
to the remainder. In point of error one, appellant contends the district court should have declared
a mistrial when the prosecutor commented on the suppression order during trial. When the
videotape was played and the point at which the motion to suppress had been granted was reached,
the prosecutor stated, "Based on the Court's ruling, I'm going to terminate the interview at this
time." Appellant objected to the prosecutor's "comment as the basis for turning off the video at
this time and relating it to a ruling of the Court." The district court instructed the jury to
disregard the prosecutor's "statement concerning the fact that he just turned off the video on my
instructions. I don't tell him how to put on his case, he does it himself." Appellant's motion for
mistrial was overruled.

 Appellant relies on opinions from cases in which a prosecutor attempted to adduce
evidence known to be inadmissible. Lackey v. State, 190 S.W.2d 364, 365 (Tex. Crim. App.
1945); Scruggs v. State, 782 S.W.2d 499, 502 (Tex. App.--Houston [1st Dist.] 1989, pet. ref'd). 
As appellant concedes, the prosecutor did not engage in such misconduct in this cause. Instead,
he merely alluded to a previous court order to explain why he was stopping the videotape. If this
statement was improper, the district court's instruction was adequate to remove any prejudice to
appellant. The court did not abuse its discretion by overruling the motion for mistrial. Point of
error one is overruled.

 Cocaine was found in a sample of appellant's blood taken following his arrest. In
his second point of error, appellant contends that his cocaine use was an inadmissible extraneous
offense and the district court erred by permitting the State to adduce this evidence at trial.

 Witnesses for the State testified without objection that the blood sample was taken
and tested for the presence of alcohol and controlled substances. Appellant also did not object
when the prosecutor asked the Department of Public Safety toxicologist for the results of the blood
test. The witness answere