Affirmed and Memorandum Opinion
filed November 18, 2010.

 

In
The

Fourteenth
Court of Appeals



NO. 14-09-00497-CR



Thomas George
Pence, Appellant 

v.

The State of
Texas, Appellee 



On Appeal from
the County Criminal Court at Law No. 9

Harris County, Texas

Trial Court
Cause No. 1558841



 

MEMORANDUM OPINION

Appellant Thomas George Pence appeals his conviction
for aggravated assault, claiming the trial court erred in denying his motion
for mistrial and his motion for new trial based on his allegations of
prosecutorial misconduct.  We affirm.

Factual and Procedural
Background

Appellant was charged with the offense of aggravated assault,
to which he pleaded “not guilty.”  At a jury trial, the State elicited
testimony from the complainant, appellant’s wife of forty years, that appellant
had physically abused her in the past.  

On cross-examination, the complainant testified that
she reported some of those previous incidents to law enforcement authorities.  Several
times during the cross-examination, appellant requested a copy of the
complainant’s statement to authorities, offense report, or incident report as
related to these prior incidents.  Twice—regarding a 1983 incident and a 1993
incident—the State responded that the defense had been provided with all of the
prior offense reports relating to the complainant’s abuse.  The trial court
ruled both times that it assumed if appellant did not have the reports, then
the reports may not exist.  When appellant requested a copy of an offense
report relating to a second incident in 1993, the prosecutor stated, “Same
response,” and the trial court stated, “Same ruling.”  

When, based on information elicited during the
complainant’s cross-examination, appellant requested an offense report for an
undated assault that the complainant asserted took place in the “mid-nineties,”
the prosecutor stated, “I assume there are plenty of offense reports from the
mid nineties, none of which we have with us.”  The trial court responded, “I
guess during the break—we are obviously going to be here tomorrow.  If there is
a way to run it—.”  Appellant’s trial counsel suggested searching for the
offense reports by address.  Appellant passed the witness, but requested that the
complainant be placed on hold as a witness.

The State next called the arresting officer to
testify.  According to the officer’s testimony, a search of police records
revealed two prior “calls for service” involving family violence in which
appellant’s wife was the complainant.  During cross-examination, the officer
verified that each time officers respond to a call for service, a record is
made and can be searched by address in the city’s database.  The State rested
shortly thereafter, and the trial was recessed until the following afternoon.  

The next day, in front of the jury, the parties made
the following statements:

[PROSECUTOR]:  If I
may, your honor, pursuant to defense counsel’s request I am now tendering to
him an offense [report] from March 4 that we were able to locate from HPD
archives.  I am handing that document to him pursuant to his request.

[DEFENSE COUNSEL]: 
Judge, at this time pursuant to the [a]ffidavit that has been introduced,
defense rests.

The trial was recessed, and the parties next discussed
the jury charge with the trial court.[1] 
Appellant then moved for mistrial, contending that the State, in essence,
testified about the report in the jury’s presence.  The State countered that it
produced the document in response to appellant’s request for the record.  The
trial court denied the motion for mistrial and gave the following instruction
to the jury members when they returned to the courtroom:

The offense report
is not in evidence.  I don’t have any idea what it says or when it was.  You
are not—like I told you earlier, the only things that you are to consider is
[sic] any testimony from the witness stand or any exhibits that may be
introduced during the course of the trial.  I wanted to make sure you are aware
of that and that you don’t take that into consideration for any purpose
whatsoever.

The jury found appellant guilty of the charged
offense.  The trial court assessed punishment at one year of confinement,
probated for two years, and a fine.  

Appellant filed a motion for new trial, upon which
the trial court held an evidentiary hearing.  At the hearing, appellant’s trial
counsel testified that his trial strategy was to attempt to show that the
complainant was not credible because her claims of past abuse were
uncorroborated and undocumented.  The trial court denied appellant’s motion.

Issues and Analysis

Appellant contends that the State engaged in
prosecutorial misconduct by presenting the report and characterizes the State’s
comment on the report in front of the jury as improperly testifying after the
State rested its case the previous day.  In two issues, appellant claims that
the trial court erred in denying his motion for mistrial and in denying his
motion for new trial, which was based on the State’s conduct.  According to
appellant, he was denied his constitutional right to due process, due course of
law, and a fair trial as a result of the State’s conduct.

We review a trial court’s denial of a motion for
mistrial and a motion for a new trial under the abuse-of-discretion standard.  Webb
v. State, 232 S.W.3d 109, 112 (Tex. Crim. App. 2007).  In applying this
standard, we view the evidence in the light most favorable to the trial court’s
ruling and uphold the ruling if it falls within the zone of reasonable
disagreement.  Id.  A reviewing court cannot substitute its judgment for
that of the trial court.  Id.  Rather, a reviewing court decides whether
the trial court’s decision was arbitrary or unreasonable.  Id.  Under
this standard, a trial court abuses its discretion if no reasonable view of the
record could support the trial court’s ruling.  See id.

To preserve error about lack of due process or due
course of law, an accused must make a timely and specific objection on these
grounds.  See Tex. R. App. P.
33.1(a); Briggs v. State, 789 S.W.2d 918, 924 (Tex. Crim. App.
1990).  A defendant’s appellate contention must comport with the specific
objection made at trial.  Wilson v. State, 71 S.W.3d 346, 349 (Tex.
Crim. App. 2002).  An objection stating one legal theory at trial may not be
used to support a different legal theory on appeal.  Broxton v. State,
909 S.W.2d 912, 918 (Tex. Crim. App. 1995).  When appellant moved for mistrial,
he claimed, “[T]he State has now testified in front of the jury there is an
incident report.”  Appellant contends on appeal that he was denied due process,
due course of law, and a fair trial, but appellant did not raise these
particular appellate contentions at all in the trial court when he moved for a mistrial.
 See Tex. R. App. P. 33.1(a). 
Likewise, in his motion for new trial, appellant alleged, for the first time,
that he was denied due process, due course of law, and a fair trial as a result
of the alleged prosecutorial misconduct; these contentions, however, were not
timely made.  See id.  Accordingly, appellant has not preserved these
complaints for appellate review.

To the extent that the State’s production of the
documents or the prosecutor’s comments regarding the offense report could be
construed as improper, a reviewing court balances the following three factors
in determining whether a mistrial was warranted:  (1) the severity of
misconduct, (2) the measures adopted to cure the misconduct, and (3) the
certainty of conviction absent misconduct.  See Ramon v. State, 159
S.W.3d 927, 929 (Tex. Crim. App. 2004) (applying factors articulated in Mosley
v. State, 983 S.W.2d 249, 259 (Tex. Crim. App. 1998)).  

In considering the severity of the alleged
misconduct, we note that the State’s comment on the report offered no details
about the contents of the report; the State named only a date on the offense
report, but did not name the complainant, appellant, or offer any details about
the alleged incident.  Such factors weigh in favor of determining the comments
to be tangential.  See id. at 932 (involving prosecutor who testified
about the contents of a phone message left by the prosecutor for the State’s
expert witness, which was considered “tangential” under the balancing
factors).  Additionally, the record reflects that during trial appellant
repeatedly requested documents corroborating the complainant’s testimony of
prior abuse at the hands of appellant.  When the State denied possessing the
requested report from the “mid-nineties,” the trial court indicated that the
State could search for it during the court’s recess.  Appellant’s trial counsel
suggested the reports could be found by searching by address; the arresting
officer confirmed as much in his testimony.  The State’s production of the report
in response to appellant’s request militates against any finding of severe
misconduct.

In considering the second factor, curative measures,
we note that soon after the incident, the trial court admonished the jury to
consider only evidence introduced at trial or testimony from the witness stand.
 We presume the jury complied with the trial court’s instruction.  Such an
instruction to disregard was sufficient to cure any error in allowing the
testimony.[2] 
See id. at 931.  

Finally, given the strength of the State’s evidence—consisting
of the complainant’s testimony regarding the alleged offense and history of
abuse at the hands of appellant, coupled with the officer’s testimony
confirming the existence of two prior offense reports involving family violence
in which the complainant was the same complainant as in the case at hand—the alleged
improper conduct did not likely contribute to or have any significant impact on
appellant’s conviction.  See id. at 932.  Any admission of improper
evidence does not require reversal if the same facts are proved by other and
proper testimony.  See id. at 931.  

In balancing the factors, we conclude the trial court
did not abuse its discretion in declining to declare a mistrial.  See id.
at 932.  Likewise, we conclude the trial court did not abuse its discretion in
denying appellant’s motion for new trial.  See Webb, 232 S.W.3d at 112
(providing that a trial court abuses its discretion if no reasonable view of
the record could support the trial court’s ruling).  

We overrule appellant’s two issues and affirm the
trial court’s judgment.

 

                                                                                    

                                                                        /s/        Kem
Thompson Frost

                                                                                    Justice

 

 

 

Panel consists of Justices Anderson, Frost, and Seymore.

Do Not Publish — Tex. R. App. P. 47.2(b).









[1]
At no time did appellant ask to re-open the evidence, or cross-examine the
complainant again. Nor did appellant request a continuance.





[2]
Appellant relies on Scruggs v. State, 782 S.W.2d 499, 502 (Tex.
App.—Houston [1st Dist.] 1989, pet. ref’d), for support that the trial court’s
instruction to disregard did not cure any error.  That case involved multiple
instances of improper conduct by a prosecutor.  See id. at 501. 
Regarding one instance in which the prosecutor attempted to enter results of a
breath test into evidence, the Scruggs court stated, “If this were the
only error before us, we would affirm because the court gave a prompt and
strong instruction to disregard, the results of the test were not disclosed,
and appellant could have prevented the error by making a pretrial motion in
limine.”  Id.  In the case at hand, given this one allegation of
misconduct, in which the contents of the report were not disclosed, the trial
court’s instruction to disregard would be sufficient to overrule appellant’s
complaint.  See id.