ACCEPTED
06-17-00162-cr
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
1/10/2018 12:22 AM
DEBBIE AUTREY
CLERK

**CAUSE NO. 06-17-00162-CR**

IN THE SIXTH COURT OF APPEALS

TEXARKANA, TEXAS

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS
1/10/2018 12:22:35 AM
DEBBIE AUTREY
Clerk

**JESSIE DEE SPENCE**

Appellant

**VS.**

**THE STATE OF TEXAS**

Appellee

On Appeal from the District Court of Cass County, Texas
5th Judicial District

**BRIEF OF APPELLEE**

Respectfully submitted,

Nicholas J. Ross
Cass County Asst. District Attorney
Texas Bar No. 24085565

Post Office Box 839
Linden, Texas 75563
Telephone:  903.756.7541
Facsimile:  903.756.3210

Attorney for Appellee,
The State of Texas

## IDENTITY OF PARTIES AND COUNSEL

Pursuant to the Texas Rules of Appellate Procedure Rule 38.1(a), the following list is a complete list of all parties to the trial court's judgment and the names and addresses of all trial and appellate counsel:

1. Hon. Donald Dowd - Judge, Cass County County Court at Law sitting for the 5th Judicial District Court, Cass County, Texas

2. Jessie Dee Spence – Appellant
   TDCJ-ID # 02153451
   Joe F. Gurney Unit
   1385 FM 3328
   Palestine, Texas 75803

3. Ms. Cyndia Hammond - Appellant's trial & appellate counsel
   P.O. Box 91
   Texarkana, Texas  75504-0091

4. Mrs. Virginia Ann Prazak – Appellant's trial counsel
   1903 Mall Dr.
   Texarkana, Texas 75503

5. Mr. Nicholas J. Ross - Appellee's appellate counsel
   Cass County Assistant District Attorney
   Post Office Box 839
   Linden, Texas 75563

# TABLE OF CONTENTS

Identity of Parties and Counsel . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .2

Table of Contents . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .3

Index of Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Statement of Oral Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .5

Issues Presented . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .6

Statement of the Facts. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Summary of the Argument. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .12

Argument and Authorities

      **Issue 1:    The trial court did not abuse its discretion in denying a motion for mistrial after Appellee violated Appellant's motion in limine when the trial court instructed the jury to disregard the testimony and there was overwhelming evidence admitted at trial that proved Appellant's guilt** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Prayer. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

Certificate of Service. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .19

Certificate of Compliance . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

# INDEX OF AUTHORITIES

**CASES**                                                                **PAGE**

Brossette v. State, 99 S.W.3d 377 (Tex.App.-Texarkana 2003) . . . . . . . . . . . 15

*Coe v. State,* 683 S.W.2d 431, 436 (Tex.Crim.App.1984) . . . . . . . . . . . . . . . . 13

*Hernandez v. State*, 805 S.W.2d 409 (Tex.Crim.App.1990) . . . . . . . . . . . . . . .14

*Hill v. State,* 817 S.W.2d 816 (Tex.App.-Eastland 1991) . . . . . . . . . . . . . . . . 13

*Hinojosa v. State,* 4 S.W.3d 240, 253 (Tex.Crim.App.1999) . . . . . . . . . . . . . .14

*Grayson v. State,* 786 S.W.2d 504 (Tex.App.-Dallas 1990) . . . . . . . . . . . . . . .14

*Griffin v. State,* 850 S.W.2d 246 (Tex.App.-Houston [1st Dist.] 1993) . . . . . . . . 14

*Ladd v. State,* 3 S.W.3d 547 (Tex.Crim.App.1999) . . . . . . . . . . . . . . . . . . . . .15

*Oberg v. State,* 890 S.W.2d 539 (Tex.App.-El Paso 1994) . . . . . . . . . . . . . . . .14

*Scruggs v. State,* 782 S.W.2d 499 (Tex.App.-Houston [1st Dist.] 1989) . . . . . . .13

*Sewell v. State*, 696 S.W.2d 559, 560 (Tex.Crim.App.1983) . . . . . . . . . . . . . . 14

*State v. Gonzalez*, 855 S.W.2d 692 (Tex.Crim.App.1993) . . . . . . . . . . . . . . . . 13

## STATEMENT OF ORAL ARGUMENT

Appellee does not request an oral argument in this case. The facts, trial transcripts, and arguments presented by the parties in each of their respective briefs are sufficient for the Court to decide the issues presented.

## ISSUES PRESENTED

**Issue 1:** The trial court did not abuse its discretion in denying a motion for mistrial after Appellee violated Appellant's motion in limine when the trial court instructed the jury to disregard the testimony and there was overwhelming evidence admitted at trial that proved Appellant's guilt.

## STATEMENT OF THE FACTS

Appellant, Jessie Dee Spence, was charged by indictment in Cause No. 2017F00103 with the third degree felony offense of Possession of a Controlled Substance – Methamphetamine. A jury found him guilty, and he was sentenced to six (6) years in the Texas Department of Criminal Justice Institutional Division.

On the night of November 6, 2016, Jessie Dee Spence was driving a borrowed 1998 Chevy Impala near the intersection of 3rd and Harrison Street in Hughes Springs, Texas. (R.R. Vol. IV, 101). Office Jimmy Simpler of the Hughes Springs Police Department observed the vehicle had expired registration and initiated a traffic stop. (R.R. Vol. IV, 102) Upon making contract with the driver, Officer Simpler saw that it was Appellant, who Officer Simpler knew from previous interactions. (R.R. Vol. IV, 102). Officer Simpler proceeded to check him for warrants and he found that he had an active misdemeanor warrant for resisting arrest. (R.R. Vol. IV, 108). Officer Simpler ordered Appellant out of the vehicle and asked if he had anything illegal on him and he admitted that he had a knife and a small bag of marijuana in his pocket. (R.R. Vol. IV, 105). Asked if there were any other illegal substances in the car, Appellant said there were not. Officer simpler then proceeded to search the vehicle for any illegal drugs or other contraband and he found a bag of methamphetamine and a hypodermic needle. (R.R. Vol. IV, 111, 127). A passenger, Jerry Richardson, was in the vehicle as well. (R.R. Vol. IV, 103) Richardson was the brother of Amanda Forshee, the

girlfriend of Appellant. Appellant picked Richardson up from a friend's house shortly before they were pulled over. Upon finding the methamphetamine, Officer Simpler asked the passenger if the drugs were his. He denied they were his (R.R. Vol. IV, 114). Officer Simpler asked Appellant if the drugs were his. He admitted they were his. (R.R. Vol. IV, 119) In addition to his verbal admission he also wrote a statement admitted that the drugs belonged to him and not the passenger. (See State's Exhibit 1).

Before trial, Appellant filed a motion in limine seeking to prevent any mention of Appellant's outstanding warrant for resisting arrest or the found marijuana. At the trial, as discussed in Appellant's Brief, the Hon. Judge Donald Dowd ruled that before any mention of the warrant or marijuana, counsel for the State would need to approach the bench and obtain a ruling as to the admissibility of the evidence. State's counsel then asked for a brief recess to confer with State's witnesses and relay the Court's ruling regarding the motion in limine. (R.R. Vol. IV, 93) After the recess the jury was brought back into the courtroom and both sides delivered their opening statements which lasted approximately 10 to 15 minutes. The State then called their first witness, arresting Officer Jimmy Simpler to the stand. Approximately 10-15 minutes into the testimony, State's counsel began to ask the Officer about the moments and circumstances leading up to the finding of the marijuana and the discovery of the outstanding warrant. (R.R. Vol. IV, 104) State's counsel asked the Officer if any

illegal items were found on the Appellant. The Officer answered as State's

counsel anticipated that a Bowie knife was found and then proceeded to testify

that the bag of marijuana was also found. Appellant's counsel did not object.

(R.R. Vol. IV, 105). Hearing no objection, State's counsel then asked several

follow up questions about the marijuana, and then asked about the warrant.  At

this, Appellant's counsel did raise an objection and the Court ordered counsel to

approach the bench. (R.R. Vol. IV, 108)

```
(The following occurred at the bench,
outside hearing of the jury.)

THE COURT: You're supposed to approach
the bench.

MR. ROSS: Well I was waiting for an
objection, Your Honor.

THE COURT: Okay. Well, I'd already ruled
on that.

MR. ROSS: Okay. I mean, I did lay the
proper foundation. But then the circumstances of the
case it was leading up to and involved directly in this
incident that we're here on today. I mean, it's not a
remote or . . . .

THE COURT: I'm not saying it's not
admissible. I'm just saying you're supposed to approach
the bench before you bring it out.


MR. ROSS: Yes, sir.
```

State's counsel mistakenly believed that since an objection was not raised, the

questions leading up to the Officer's testimony mentioning the marijuana had laid

the proper contextual foundation to get the evidence in, and, therefore, the requirement to approach the bench no longer applied. The Court admonished Appellee's counsel who then realized the were mistaken in their line of questioning. (R.R. Vol. IV, 108). Appellee's counsel does not – cannot – deny that the motion in limine was violated, however the violation was not done maliciously, but rather due to inexperience and confusion in the heat of trial as can be seen by Counsel's response at the bench conference. (R.R. Vol. IV, 108). The Court ruled that the testimony should be stricken, the jury was ordered to disregard the testimony, and State's counsel moved on to a different line of questioning and never mentioned the marijuana or the warrant. (R.R. Vol. IV, 109).

Officer Simpler went on to testify that he found the meth in the front seat area and that Appellant admitted it was his. (R.R. Vol. IV, 111). He admitted this orally and also in a written statement. The passenger stated that the drugs were not his. (R.R. Vol. IV, 114).

During the Defendant's case in chief, Appellant called his girlfriend to testify. She stated that the car was not actually her car it was her husband's car and that they didn't drive it very often. (R.R. Vol. IV, 158) Her testimony was disputed by her own brother, the passenger Jerry Richardson who stated that her husband had been out of state for 10 years. (R.R. Vol. IV, 180).

In closing argument Appellee did not discuss or mention the marijuana or the warrant, but focused on Appellant's own admission that the methamphetamine was his and the lies told by Appellant's girlfriend on the stand.

## SUMMARY OF THE ARGUMENT

**Issue 1:** **The trial court did not abuse its discretion in denying a motion for mistrial after Appellee violated Appellant's motion in limine when the trial court instructed the jury to disregard the testimony and there was overwhelming evidence admitted at trial that proved Appellant's guilt.**

A trial court's denial of a mistrial is reviewed under an abuse of discretion standard. Generally, a jury's exposure to improper testimony is cured by an instruction from the trial court to disregard the improper evidence. In the instant case, the trial court properly instructed the jury to disregard the statements objected to by Appellant, and in light of all the other overwhelming evidence presented by the State, the trial court did not abuse its discretion in denying Appellant's Motion for a Mistrial.

## ARGUMENTS AND AUTHORITIES

**Issue 1:** **The trial court did not abuse its discretion in denying a motion for mistrial after Appellee violated Appellant's motion in limine when the trial court instructed the jury to disregard the testimony and to not consider it during deliberations.**

A trial court's denial of a mistrial is reviewed under an abuse of discretion standard. *State v. Gonzalez*, 855 S.W.2d 692, 696 (Tex.Crim.App.1993). Generally, a jury's exposure to improper testimony is cured by an instruction from the trial court to disregard the improper evidence. *Coe v. State,* 683 S.W.2d 431, 436 (Tex.Crim.App.1984). Such an instruction is not sufficient, however, in an extreme case, where it appears that the evidence is clearly calculated to inflame the minds of the jury. *Hill v. State,* 817 S.W.2d 816, 817 (Tex.App.-Eastland 1991, pet. ref'd). When the attempted introduction of the improper evidence is carried out deliberately and blatantly in violation of the ruling of the trial court, and the improper evidence is repeated and emphasized by the State, the instruction to disregard is not sufficient, and the failure to grant a mistrial becomes reversible error. *Hill,* 817 S.W.2d at 817; *Scruggs v. State,* 782 S.W.2d 499, 501 (Tex.App.-ouston [1st Dist.] 1989,pet. ref'd). However, when the jury is exposed to otherwise inadmissible evidence through an inadvertent comment or nonresponsive answer of a witness, with no further attempt by the State to pursue the matter, the

instruction to disregard is sufficient and there is no reversible error in the failure to grant a mistrial. *Oberg v. State,* 890 S.W.2d 539, 545 (Tex.App.-El Paso 1994, pet. ref'd); *Griffin v. State,* 850 S.W.2d 246, 249 (Tex.App.-Houston [1st Dist.] 1993, pet. ref'd); *Grayson v. State,* 786 S.W.2d 504, 505-06 (Tex.App.-Dallas 1990, no pet.).

A mistrial is a device used to halt trial proceedings when error is so prejudicial that expenditure of further time and expense would be wasteful and futile. Thus, a trial court may properly exercise its discretion to declare a mistrial if an impartial verdict cannot be reached, or if a verdict of conviction could be reached but would have to be reversed on appeal due to an obvious procedural error. *Sewell v. State*, 696 S.W.2d 559, 560 (Tex.Crim.App.1983). The determination of whether a given error necessitates a mistrial must be made by examining the particular facts of the case. *Hernandez v. State*, 805 S.W.2d 409, 413–414 (Tex.Crim.App.1990), cert. denied. The asking of an improper question will seldom call for a mistrial, because, in most cases, any harm can be cured by an instruction to disregard. *Ibid.* A mistrial is required only when the improper question is clearly prejudicial to the defendant and is of such character as to suggest the impossibility of withdrawing the impression produced on the minds of the jurors. *Ibid.* A court presumes that a jury followed the trial court's admonition to disregard the testimony *Hinojosa v. State,* 4 S.W.3d 240, 253 (Tex.Crim.App.1999).

-14-

In *Ladd v. State*, 3 S.W.3d 547 (Tex.Crim.App.1999), the court found that the denial of a motion for a mistrial was not error.  In that case appellant argued that the trial court erred in denying his motion for mistrial. In that case the State asked a prosecution witness, "Mr. [Troy] Guthrie, were you aware of whether or not Mr. Ladd and Mr. [Johnny] Roberson were together smoking crack cocaine ... on the night ... and the morning that [the victim] was missing and was found?" Before the witness could answer, appellant objected, asked for an instruction to disregard, and moved for a mistrial. The trial court sustained the objection on the ground that the State's question violated a motion in limine. The trial court then instructed the jury to disregard the question, but the court denied a mistrial.

In Brossette v. State, 99 S.W.3d 377 [Tex.App.–Texarkana] 2003, citing Ladd, the Court held that one of the factors that is considered when determining whether a motion to disregard testimony is curative is whether the question was asked to elicit a specific extraneous bad act. In *Brossette*, after laying the foundation that a law enforcement officer was responsible for investigating all abuse and neglect allegations concerning children for Wood County, the State asked the witness, "[h]ave you had any prior occasion to have contact with [Brossette]?" In Brossette the State asked a question of the witness, intending to elicit an answer that concerned a subject covered in a motion in limine. The trial court recognized that the State should have approached the bench before

-15-

attempting to ask that type of question. The trial court sustained Brossette's objection and instructed the jury to disregard, but denied the mistrial.

In the instant case, the denial of the motion for a mistrial was not an abuse of discretion and thus not reversible error because the trial court could, and did, properly cure any violation of the motion in limine with a prompt instruction to the jury to disregard the evidence. While the violation of the motion in limine in this case is not in dispute, the effect of the violation was minimal, and far outweighed by the overwhelming evidence against Appellant.

The marijuana and the warrant were not central to the state's theory of the case. Rather they were only brought up in the first place as a prologue to the search that was conducted on Appellant's vehicle. And after being admonished by the Court, Appellee's counsel did not attempt to bring up the off limit subjects again during any subsequent questioning and did not refer to them in closing argument.

The mentioning of a warrant and the existence of marijuana was not so egregious that it would so inflame the jury against Appellant that the instruction given by the trial court wasn't enough to cure the violation. Indeed, if anything the mentioning of the marijuana was minimized, since Officer Simpler testified that he was simply going to write Appellant a Class C drug paraphernalia ticket after finding the marijuana. Regarding the warrant, the testimony elicited was merely that a warrant existed and not that it was a warrant for a felony or a particularly

bad act. In light of all the other evidence that was presented at trial, the Court's instruction to disregard these relatively inconsequential facts was more than sufficient to prevent the jury from considering them during deliberations.

Simply put, Appellee's case was as open and shut as any juror could ask for. Appellant was driving the vehicle and had been before the passenger got in the vehicle. The drugs were found inside the vehicle within inches from where Appellant sat. The passenger denied the drugs were his and his testimony was not contradicted by any other evidence. Appellant gave not only a verbal confession but also a written confession that the methamphetamine belonged to him. Not only did he admit that it was his, but he explicitly stated that the methamphetamine did not belong to the passenger.

Appellant's argument that the marijuana being brought to the jury's attention discredited the testimony of Amanda Forshee, Appellant's girlfriend, is unpersuasive. This argument ignores the fact that it wasn't only marijuana found that night, but the actual drugs at issue in this case – the 3.24 grams of methamphetamine – was found as well (RR pg. 125). The jury didn't need the marijuana to discredit Forshee's testimony, because the methamphetamine also allowed them to draw the conclusion that she was not credible.

Given the overwhelming evidence in this case, and the instruction provided to the jury to disregard the excluded testimony, the Court's denial of the motion for a mistrial was not an abuse of discretion and was not reversible error.

## PRAYER

**WHEREFORE,** premises considered, Appellee respectfully requests that the adjudication of Appellant and corresponding sentence imposed by the trial court be in all things **AFFIRMED.**

Respectfully submitted,

Nicholas J. Ross
Cass Co. Asst. District Attorney
Texas Bar No. 24085565

Post Office Box 839
Linden, Texas 75563
Telephone: 903.756.7541
Facsimile: 903.756.3210
nross@casscountytx.org

Attorney for Appellee,
The State of Texas

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing Brief of Appellee was forwarded via First Class mail on January 9, 2018, to the following attorneys of record and interested parties:

**Appellant**
Jessie Dee Spence
TDCJ-ID # 02153451
Joe F. Gurney Unit
1385 FM 3328
Palestine, Texas 75803

**Appellant's Trial Attorney**
**Virginia Ann Prazak**
1903 Mall Dr.
Texarkana, Texas 7550

**Appellant's Trial and**
**Appellate Attorney**
Cyndia Hammond
P.O. Box 91
Texarkana, Texas 75504-0091

**Trial Court Judge**
Hon. Judge Donald Dowd
Sitting for the 5th Judicial District
Court
P.O. Box 510
Linden, Texas 75563

_____
Nicholas J. Ross

## CERTIFICATE OF COMPLIANCE

Relying on the word count function in the word processing software used to produce this document, I certify that the number of words in this reply (excluding any caption, identity of parties and counsel, statement regarding oral argument, table of contents, index of authorities, statement of the case, statement of issues presented, statement of jurisdiction, statement of procedural history, signature, proof of service, certification, certificate of compliance, and appendix) is 2,425.

_____
Nicholas J. Ross