Richard Sandin TYRRELL, Appellant,

v.

The STATE of Texas, State.

No. 2–83–185–CR.

Court of Appeals of Texas,
Fort Worth.

Aug. 24, 1983.

Wes Reed, Dallas, for appellant.

Kathi Alyce Drew, Asst. Dist. Atty., Dallas, for the State.

Before FENDER, C.J., and JORDAN and ASHWORTH, JJ.

OPINION

FENDER, Chief Justice.

Appellant, Richard Sandin Tyrrell, was convicted by a jury of aggravated robbery,

Tex.Penal Code Ann. § 29.03 (Vernon 1974), and sentenced to 10 years.

He asserts in three grounds of error that (1) the trial court erred in failing to give the requested jury charge on the lesser included offense of reckless conduct, Tex. Penal Code Ann. § 22.05 (Vernon 1974), (2) the prosecutor commented on his failure to testify during jury argument, and (3) the evidence is insufficient to sustain the conviction.

We affirm.

Grounds of error one and three are based on Tyrrell's contention that the evidence does not show that he had any intention to commit theft. The record reveals that Tyrrell held a shotgun to the back of the head of Joyce Kezhaya, the office manager and owner of American Bonding Company, as she sat in her car with her boyfriend, Stanley Chatham, across the street from her office. Tyrrell said, "Get out of the car and go into the office, I want some money." Tyrrell, Kezhaya, and Chatham walked toward the office and met Hector Gonzales and Gonzales' girlfriend. Tyrrell ordered everyone inside the office.

Once inside the office, Kezhaya sat at her desk and seemed to go back to work. To gain attention, Tyrrell shot out a television set. Kezhaya had no money on her at the time, but Tyrrell obtained $165.00 that belonged to American Bonding from one of the agents in the office. Kezhaya telephoned her brother, Tom Stephens to see what money he had. Tyrrell got on the phone and warned Stephens not to call the police or there would be a "New York hostage" situation. Gonzales then suggested someone be sent out to cash a check. Chatham went out, cashed a check, returned and gave approximately $135.00 to Kezhaya who gave it to Tyrrell. Tyrrell then left with the $300.00.

Tyrrell asserts that he intended only to take the money he was owed as an employee of American Bonding. Therefore, he did not intend to commit theft as he was only recovering his own property. At most, he argues, he is guilty of reckless conduct by pointing the shotgun at Kezhaya.

■ We disagree. All the elements of aggravated robbery were proven by this record. Tyrrell used a shotgun to obtain money from the American Bonding Company. He took the money without the effective consent of American Bonding and with the intent to deprive American Bonding of the money. He did not prove any debt and, even if a debt had been proven, he did not show any right or title to the currency taken at gunpoint. The evidence is sufficient.

■ Furthermore, no jury charge on any lesser included offense was required. The rule as stated by many Court of Criminal Appeals decisions is that the lesser included offense must be included within the proof necessary to establish the offense charged and there must be some evidence in the record that if the defendant is guilty, he is guilty only of the lesser offense. *Royster v. State,* 622 S.W.2d 442 (Tex.Cr.App.1981). Tyrrell's claim that he intended only to take the money owed him is not evidence that he is guilty of only reckless conduct. As stated above, he established no right to the actual money taken. Grounds of error one and three are overruled.

■ Ground of error two asserts that the prosecutor commented on the failure of Tyrrell to testify during final argument. The record reflects that Tyrrell's objection to the remarks of the prosecutor was sustained but that he did not ask for an instruction to disregard nor a mistrial. Furthermore, his objection consisted of, "I will object to that argument, it goes into certain matters . . . . "

■ The acceptable procedure in objecting to jury argument is to: (1) object; (2) ask for an instruction to disregard if sustained; and (3) move for a mistrial if the instruction is given. *Koller v. State,* 518 S.W.2d 373 (Tex.Cr.App.1975). Any alleged error is waived if counsel stops after the objection is sustained and does not request an instruction. *Duran v. State,* 505 S.W.2d 863 (Tex.Cr.App.1974). We therefore hold

that error, if any, was waived. Ground of error two is overruled.

The judgment is affirmed.