Ricky James **RICHARDS**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 14–94–00135–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Dec. 7, 1995.

Discretionary Review Refused
April 3, 1996.

judgment proof to reach the conclusion it urges on appeal.

Brian Wice, Houston, for appellant.

Carol M. Cameron, Houston, for appellee.

## OPINION

O'NEILL, Justice.

Appellant, Ricky James Richards, was convicted of attempted capital murder and aggravated robbery, enhanced by a prior felony conviction. The jury found appellant guilty on both counts, and further found the enhancement allegation to be true. The jury assessed punishment on each count at confinement for life. Appellant brings five points of error complaining of improper questioning of an alibi witness and challenging the effectiveness of counsel. We affirm.

### I. Background

On or about March 15, 1992, Bernard Phearse, the complainant, was visiting friends at an apartment complex. The appellant's co-defendant, Richard D. Robinson ("Robinson"), offered to give him a ride home. The complainant accompanied the appellant and Robinson. During the ride Robinson passed a gun to the appellant, who shot the complainant twice in the head. The complainant opened the car door and, as he was hanging out of the car, felt someone hit his pocket. He was then tossed out of the car. The complainant waited for the car to leave,

then got up and walked to some apartments where he found someone to take him to the hospital.

## II. Point of Error One

In his first point of error, appellant contends that the trial court erred in denying defense counsel's motion for mistrial after the prosecutor asked a defense alibi witness, Eunicia Myers, an improper question. Soon after the prosecutor began his cross-examination of Myers, the following exchange took place:

Q: All right. When you're talking about auntie, are you talking about Octavia Davis or Chavez?

Is that your auntie?

A. Chavez. That's my auntie.

Q. Is she here today?

A. No; she's not.

Q. She's not. *Is it a fact—isn't it a fact that she has said if the defendant gets jail time, she will kill the witnesses?*

MR. LIMBRICK: Your Honor.

THE COURT: Do you know—do you know anything about this?

THE WITNESS: No, sir.

THE COURT: All right. The answer is no.

Q. (BY MR. REUL) Do you know why she's not here today?

A. Yes, I do.

MR. LIMBRICK: Your Honor, I object to these extraneous incidents that has nothing to do with this witness. If he wants to impeach someone. I suggest until that witness gets on the stand, I think it's improper for him to bring in false allegations through this witness.

MR. REUL: As far as I know, the witness isn't taking the stand. I can't—She's been talking about this woman throughout the trial. I think I can impeach what this woman has said.

THE COURT: I'll sustain his objection and ask the jury not to consider the questions or answers of the last two questions and answers for any purpose.

MR. LIMBRICK: I would ask for a mistrial.

THE COURT: I'll overrule your motion.

(Emphasis added). Appellant argues, and we agree, that the State's question was improper. However, we must determine what analysis to apply when the prosecutor asks an improper question and the jury is instructed to disregard.

In *Washington v. State*, 822 S.W.2d 110, 117–18 (Tex.App.—Waco 1991), *rev'd on other grounds*, 856 S.W.2d 184 (Tex.Crim.App. 1993), the court discussed the analysis to be applied when the State engages in improper jury argument. The court noted that the standards for determining jury argument error and for evaluating possible harm have been inconsistently applied, and have often incorporated the harm analysis into the test for the effectiveness of the instruction. *Id.* at 118. A prosecutor's improper jury argument is not "error"; only the court can commit error. Error occurs when the court (1) overrules an objection to an improper jury argument, (2) sustains the objection but denies a request for an instruction to disregard, or (3) sustains the objection, gives the instruction and improperly denies a motion for mistrial. *Id., citing Koller v. State*, 518 S.W.2d 373, 375 n. 2 (Tex.Crim.App.1975); *Tyrrell v. State*, 656 S.W.2d 671, 672 (Tex. App.—Fort Worth 1983, pet. ref'd). If the court overrules an objection to improper jury argument, error results, and a harm analysis must proceed under Rule 81(b)(2). *Id., citing Orona v. State*, 791 S.W.2d 125, 129–30 (Tex.Crim.App.1990). If an objection to improper jury argument is sustained but the court refuses to instruct the jury to disregard, error results, and a harm analysis must proceed under Rule 81(b)(2). *Id., citing Whiting v. State*, 797 S.W.2d 45, 49 (Tex. Crim.App.1990). However, when a proper objection is sustained and an instruction is given, but a motion for mistrial is denied, it must be determined whether the denial was error before a harm analysis will proceed. *Id.* at 118.

 Although *Washington* involved an improper jury argument as opposed to an improper question, we see no reason why the same analysis should not apply. As with improper jury argument, error in the admis-

sion of improper testimony is usually cured by a court's instruction to the jury to disregard. *Coe v. State,* 683 S.W.2d 431, 436 (Tex.Crim.App.1984). The instruction renders the error harmless, except in extreme cases where it appears that the evidence is clearly calculated to inflame the minds of the jury and is of such character as to suggest the impossibility of withdrawing the impression produced on the minds of the jury. *Hill v. State,* 817 S.W.2d 816, 817 (Tex.App.— Eastland 1991, pet. ref'd), *citing Kelley v. State,* 677 S.W.2d 34 (Tex.Crim.App.1984). If the instruction can be said to have removed the prejudicial effect of the improper question, no error will result from the overruling of the motion for mistrial. *Washington,* 822 S.W.2d at 118, *citing Hernandez v. State,* 819 S.W.2d 806, 820 (Tex.Crim.App. 1991), *cert. denied,* 504 U.S. 974, 112 S.Ct. 2944, 119 L.Ed.2d 568 (1992). In determining whether an exception exists to the general rule that an instruction renders the error harmless, we must look at the particular facts of each case. *Williams v. State,* 643 S.W.2d 136, 138 (Tex.Crim.App.1982).

Those cases cited by the appellant as "extreme", i.e. the instruction was insufficient to remove the prejudicial effect, are distinguishable from the present case in that they involved improper questioning that suggested the commission of an extraneous offense by the accused. For example, in *Lockett v. State,* 744 S.W.2d 229, 231 (Tex.App.—Houston [14th] Dist.1987, pet. ref'd), the prosecutor, in direct contravention of the court's order in limine, asked the accused: "Isn't it a fact that you burglarized another home while you were on bond for this case?" Similarly, in *Robinette v. State,* 816 S.W.2d 817, 819 (Tex.App.—Eastland 1991, no pet.), the prosecutor, despite a sustained objection, elicited testimony that the accused had bragged about killing a police officer. In *Hill v. State, supra,* the State's witness testified, over objection and in violation of an order in limine, that the defendant was dealing heroin. Finally, in *Scruggs v. State,* 782 S.W.2d 499, 500–501 (Tex.App.—Houston [1st Dist.] 1989, pet. ref'd), the prosecutor, in violation of an order in limine, questioned the defendant about a breath test following her arrest.

In the present case, there was no order in limine or prior ruling by the court which the State disobeyed. Even if there had been such an order, the question did not suggest or imply an extraneous offense of the accused. Once the objection was sustained, the State did not pursue the line of questioning. Ms. Myers, who was one of two alibi witnesses presented by the appellant, responded that she knew nothing about the subject of the prosecutor's question. It does not appear from a review of the record that the State was trying to taint the outcome of the trial. The question was asked, objected to, and a curative instruction was given to the jury. As in *Gardner v. State,* 730 S.W.2d 675, 696 (Tex.Crim.App.1987), *cert. denied,* 484 U.S. 905, 108 S.Ct. 248, 98 L.Ed.2d 206 (1987), this court "puts its faith in the jury's ability, upon instruction, consciously to recognize the potential for prejudice, and then consciously to discount the prejudice, if any, in its deliberations." Based upon our examination of the record, we hold that the court's instruction to disregard the State's question was sufficient to remove the prejudicial effect of the question from the minds of the jurors; thus, no error occurred in denying the motion for mistrial.

Point of Error Number One is overruled.

## III. Points of Error Two Through Five

Appellant argues that he was denied effective assistance of counsel at the guilt or innocence stage of trial because his counsel failed to object during closing argument when the prosecutor (1) vouched for the credibility of the complainant, (2) vouched for the credibility of the police investigator, and (3) made reference to general news stories outside the record. Appellant further asserts ineffectiveness of counsel at the punishment stage, when his trial counsel failed to object to the prosecutor's argument that the appellant had shown no remorse during his trial.

### A. Guilt–Innocence Stage

The United States Supreme Court has established a two-prong test to determine whether counsel is ineffective at the guilt-innocence stage of trial. First, appel-

lant must demonstrate that counsel's performance was deficient and not reasonably effective. Second, appellant must demonstrate that the deficient performance prejudiced the defense. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). Appellant must show that (1) counsel's performance was so deficient that it fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for the deficient performance, the result of the proceeding would have been different. *Id.; Jenkins v. State,* 870 S.W.2d 626, 629 (Tex.App.—Houston [1st Dist.] 1994, pet. ref'd).

In determining whether counsel's trial performance was deficient, judicial scrutiny must be highly deferential. A reviewing court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland,* 466 U.S. at 689, 104 S.Ct. at 2065. An ineffectiveness of counsel claim cannot be demonstrated by isolating one portion of counsel's representation. *McFarland v. State,* 845 S.W.2d 824, 843 (Tex.Crim.App. 1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 2937, 124 L.Ed.2d 686 (1993). Therefore, in determining whether the *Strickland* test has been met, counsel's performance must be judged on the totality of the representation. *Strickland,* 466 U.S. at 670, 104 S.Ct. at 2056.

Appellant claims that he was denied effective assistance of counsel when his counsel failed to object to statements made by the prosecutor during final argument. We must first decide whether the prosecutor's statements were objectionable, because an attorney's failure to object to proper argument cannot be ineffective assistance. *Cooper v. State,* 707 S.W.2d 686, 689 (Tex.App.— Houston [1st Dist.] 1986, pet. ref'd). Permissible jury argument falls within four general areas: (1) a summary of the evidence; (2) a reasonable deduction from the evidence; (3) an answer to the opponent's argument; or (4) a plea for law enforcement. *Alejandro v. State,* 493 S.W.2d 230, 231–32 (Tex.Crim.App. 1973). If the prosecutor's statements are found to be improper jury argument, we must then determine whether counsel's failure to object constituted plausible trial strategy. An appellate court will not use hindsight to second guess a tactical decision made by trial counsel which does not fall below the objective standard of reasonableness. *Solis v. State,* 792 S.W.2d 95, 100 (Tex.Crim.App. 1990). Finally, if counsel's failure to object did not constitute plausible trial strategy, we must decide whether the prosecutor's remarks were prejudicial under the *Strickland* test.

### 1. Vouching for the credibility of the complainant

During final argument the prosecutor, referring to the complainant, argued: "You see, the only person who testified completely truthfully in my opinion in this case and did not make a single mistake was Bernard Phearse. He is the only person in my opinion. And I'll talk about that." Appellant contends that this constituted improper jury argument. The State claims the statements fell within the permissible bounds of jury argument as a reasonable deduction from the evidence and a summation of the evidence. We agree.

Generally in closing argument the State may not bolster the credibility of its witnesses with unsworn testimony. *Puckett v. State,* 168 Tex.Crim. 615, 330 S.W.2d 465, 465 (App.1959). However, if the State's argument is a reasonable deduction from, or a summation of, the evidence, it is permissible jury argument. To make this determination, we must look at the prosecutor's statement in the context of the entire record. *Denison v. State,* 651 S.W.2d 754, 761 (Tex. Crim.App.1983).

Throughout the trial it was apparent that the defense strategy was to disprove the complainant's credibility by implying that his testimony was influenced by others. For example, at trial the complainant testified that his assailant had a "gold tooth." It was suggested on cross-examination that, prior to taking the stand, the complainant and the prosecutor had discussed an earlier statement made by the complainant to the investigating police officer that the person who assaulted him had "a lot of gold teeth." The inference was that the prosecutor had influ-

enced the complainant's testimony. The defense repeatedly tried to elicit testimony that the complainant did not really know what happened and that the information leading to the defendant's arrest was actually provided to him by other people. In light of the defense strategy to attack the credibility of the complainant, we conclude that the prosecutor's statement regarding the complainant's truthfulness was not an improper attempt to bolster his testimony; the statement could have reasonably been derived from the complainant's answers before the jury. *Smith v. State*, 842 S.W.2d 401, 407 (Tex.App.—Fort Worth 1992, pet. ref'd). Thus the argument was a reasonable deduction from the evidence and a summation of that evidence. Because the argument was proper, there could be no ineffective assistance of counsel.

Point of Error Number Two is overruled.

### 2. Vouching for the credibility of the police officer

■ In closing argument the prosecutor, referring to the investigating officer, Theresa Marie Ross, stated: "The officer is a good police officer and she will get the necessary information to get the job done." The appellant contends this was improper jury argument. The State counters that the statement is a reasonable deduction from the evidence and a summation of the evidence. We agree.

In the cross-examination of Officer Ross, the defense questioned the quality and sufficiency of her investigation. She was asked if she thought it strange that the complainant came up with a name only after some young people had visited him, and why she did not investigate this further. The defense questioned the thoroughness of her inquiry, her failure to attempt to find corroborating evidence and her failure to do any other independent investigation. In response, the State elicited testimony that the investigation was conducted properly. By its cross-examination, the defense put in issue the integrity of the police officer's investigation. The prosecutor's statement that Ross was a good police officer could have been derived from the officer's testimony and thus was a rea-

sonable deduction from, and summation of, the evidence. As a result, trial counsel's failure to object could not be ineffective assistance of counsel.

Point of Error Number Three is overruled.

### 3. Argument outside the record

In the rebuttal stage of final argument, the prosecutor argued: "You know often people you hear it on the news. They find bodies on the street. I think there was one found in [sic] piece of luggage the other day. No suspects. Someone dead. Side of the road." The State asserts that this argument was based upon a reasonable deduction from the evidence and a proper plea for law enforcement. We agree in part.

■ Except for that portion of the argument referring to a body found in a piece of luggage, the prosecutor's argument was a proper summation of the evidence in that it reflects what could have happened if the complainant had died. In *Parks v. State*, 843 S.W.2d 693, 694–695 (Tex.App.—Corpus Christi 1992, pet. ref'd), the prosecutor made the following jury argument: "This is an attempted capital murder. This is the type of person, had not the police shot this guy, that we would have pictures of a dead police officer and we would be trying a death sentence case." The court found the argument to be a reasonable deduction from the evidence because the facts showed appellant ran towards the officer with a knife screaming, "I'm going to get you, m—f—r, lets end it now." The court relied upon the decision in *Porter v. State*, 601 S.W.2d 721, 723 (Tex. Crim.App.1980), where the Court of Criminal Appeals upheld as proper jury argument the statement "people get killed in armed robberies." Although in *Porter* no one was killed, the court held that, since the robbery was armed, the statement was a reasonable deduction from the evidence. In the present case, the complainant was shot in the head and left on the side of the road. If he had died, he would have been a body in the street or on the side of the road. Therefore, this part of the statement was a reasonable deduction from the evidence and proper jury argument.

The prosecutor's statement regarding a body found in a piece of luggage is not a reasonable deduction from the evidence and is outside the record. In *Lopez v. State,* 500 S.W.2d 844, 846 (Tex.Crim.App.1973), for example, the court held the following argument in a murder case to be improper: "I'm concerned about the open season that is coming on police officers. I believe the same week that these officers were killed there were eleven killed in America." In *Martinez v. State,* 649 S.W.2d 728, 729 (Tex.App.—San Antonio 1983, pet. ref'd), the prosecutor made the following argument: "I don't have to sit here and tell you that we have a problem with robbery in San Antonio ... Headlines on this mornings paper, 'clerk shot in head.'" The court found that this argument, while it was a plea for law enforcement, was not a fair deduction from the evidence as appellant was charged with aggravated robbery with a deadly weapon and not murder. *Id.; see also Young v. State,* 774 S.W.2d 66, 68–69 (Tex.App.—Beaumont 1989, no pet.) (holding that statement in reckless conduct case regarding newspaper account of killings in McDonalds and postal employee who was killed constituted reversible error). We find that the prosecutor's statement about a body found in a piece of luggage was improper jury argument. We must now determine whether the failure of appellant's trial counsel to object fell below an objective standard of reasonableness.

In addressing counsel's standard of professional performance, there is a strong presumption that counsel's conduct falls within the wide range of reasonable assistance. *Strickland,* 466 U.S. at 689, 104 S.Ct. at 2065; *Hall v. State,* 766 S.W.2d 903, 906 (Tex.App.—Fort Worth 1989, no pet.). Part of this "range of reasonable assistance" is the possibility that counsel's actions could be viewed as sound trial strategy. *Strickland,* 466 U.S. at 689, 104 S.Ct. at 2065; *Jackson v. State,* 877 S.W.2d 768, 770 (Tex.Crim.App. 1994). We will review matters of trial strategy only if an attorney's actions are without any plausible basis. *Simms v. State,* 848 S.W.2d 754, 757 (Tex.App.—Houston [1st Dist.] 1993, pet. ref'd).

This was an attempted capital murder case with vivid accounts of the complainant being shot in the head and tossed out of a motor vehicle. The defense strategy was to prove that the appellant was in Louisiana when the crime occurred. It may have been part of the defense strategy to downplay the violence of the incident and focus the jury on the alibi. Objecting to an isolated statement about a body found in a piece of luggage might serve to focus the jury on the violence of the incident rather than the alibi. Appellant has failed to overcome the presumption that counsel's failure to object could be viewed as plausible trial strategy. Under the presumption that counsel's conduct falls within the wide range of reasonable assistance, we conclude that counsel's emphasis on the alibi rather than the incident, given the state of the evidence, was a plausible trial strategy that was not unreasonable.

Even if we did assume *arguendo* that the conduct of appellant's counsel did not constitute plausible trial strategy and fell below an objective standard of reasonableness, we find that the failure of counsel to object did not prejudice the defense under the *Strickland* analysis. The evidence showed that the complainant knew who had shot him and had picked the appellant out of a photo line-up. The prosecution presented testimony from the complainant's mother, the officer assigned to the case, and a neighbor, each of whom corroborated different parts of the complainant's testimony. We are unable to conclude that, but for defense counsel's failure to object to the prosecutor's isolated statement during closing argument, the outcome of the proceedings would have been different.

Point of Error Number Four is overruled.

### B. Punishment Stage

Unlike allegations of ineffective assistance of counsel at the guilt-innocence stage, allegations at the punishment stage are governed by the "reasonably effective assistance of counsel" standard. *Ex parte Cruz,* 739 S.W.2d 53, 58 (Tex.Crim.App.1987). Reasonably effective assistance is to be determined from the totality of the representation of the accused. *Id.* The constitutional

right to effective assistance of counsel does not mean errorless counsel, or counsel whose competency is to be judged by hindsight. *Id.* Rather, the right entitles appellant to counsel "reasonably likely to render and rendering reasonably effective assistance." *Ex parte Duffy,* 607 S.W.2d 507, 514 n. 14 (Tex.Crim. App.1980). To prevail, appellant's allegations of ineffective assistance of counsel must be "firmly grounded in the record." *Powers v. State,* 727 S.W.2d 313, 316 (Tex.App.— Houston [1st Dist.] 1987, pet. ref'd).

■■■■ Appellant complains that at the punishment hearing, trial counsel failed to object to the prosecutor's improper final argument that the appellant had shown a "total lack of remorse." Commenting on the nontestimonial in-court demeanor of a defendant during trial is tantamount to commenting on his failure to testify when the record fails to reflect evidence concerning the defendant's lack of remorse. *Davis v. State,* 782 S.W.2d 211, 222–223 (Tex.Crim.App.1989), *cert. denied,* 495 U.S. 940, 110 S.Ct. 2193, 109 L.Ed.2d 520 (1990). If, however, evidence contained in the record supports the comment, there is no error. *Id.* at 223, *citing Fearance v. State,* 771 S.W.2d 486, 514 (Tex. Crim.App.1988), *cert. denied,* 492 U.S. 927, 109 S.Ct. 3266, 106 L.Ed.2d 611 (1989). The objectionable comment must be examined from the standpoint of the jury. *Caldwell v. State,* 818 S.W.2d 790, 800–801 (Tex.Crim. App.1991), *cert. denied,* 503 U.S. 990, 112 S.Ct. 1684, 118 L.Ed.2d 399 (1992). If the jury could have reasonably interpreted the statement as a reference to *testimony* presented in the courtroom concerning the defendant's lack of remorse, then the comment is a proper summation of the evidence. *Id.*

■■■■ The prosecutor's comment in the present case was made in the context of his argument for enhanced punishment. It was argued that the jury should show no mercy because the defendants showed the complainant no mercy:

What mercy did these men show Bernard Phearse that night?
Did they say, Mr. Phearse, why don't you empty your pockets and give us what you got? And point a gun at him. That would be aggravated robbery. No.

Did they suggest why don't you do that? And was there any evidence of struggling or anything?
No.
For whatever he had in his pocket, a couple of dollars, whatever it was, they decided they were going to kill him.
And they shot him point blank range. 3 gunshots he heard, point blank in the head, and then dug through his pockets like vultures.
To them what is the value of life?
It's virtually nil.

\* \* \* \* \* \*

Ricky Richards. Ricky Richards was the trigger man. Ricky Richards was the man who shot the complainant . . . in the face. I would suggest that Ricky Richards deserves life in prison, for the total lack of remorse that he's shown in this trial, for the gravity of the offense that he committed and for the absolute lack of mercy he showed Bernard Phearse on the street.

The prosecutor's reference was not to the demeanor of the appellant at trial, but to the lack of mercy shown during the commission of the crime. *See Davis,* 782 S.W.2d at 223. In fact, the prosecutor at no point in his argument directed the jury's attention to appellant's in-court demeanor. Because the prosecutor was referring to evidence of the appellant's lack of remorse in connection with the commission of the crime, the argument was proper.

The cases cited in support of the appellant's position are distinguishable in that they involved comments regarding the defendant's nontestimonial in-court demeanor. For example, in *Dickinson v. State,* 685 S.W.2d 320, 323 (Tex.Crim.App.1984), the prosecutor, during jury argument at the punishment stage, stated: "And you know, another pretty important [piece of] evidence that you can consider is what you've observed of this man right here . . ." Soon thereafter, the prosecutor pointed to the defendant and said: "You haven't seen one iota of remorse, one iota of shame." *Id.* at 322. The Court of Criminal Appeals held that the State was clearly referring to the demeanor

of the defendant in court, which was a direct comment on his failure to testify and thus was improper. *Id.* In the present case, the prosecutor's comment was based upon testimony regarding the actual commission of the crime, not upon the appellant's in-court demeanor. Because the argument was proper, there could be no ineffective assistance of counsel for failure to object thereto.

Point of Error Number Five is overruled.

We affirm the judgment of the trial court.