**Affirmed and Memorandum Opinion filed February 28, 2012.**



In The

# Fourteenth Court of Appeals

### NO. 14-11-00437-CR

### LASHAWN MONIQUE DARNELL, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the County Court at Law No. 3**
**Brazoria County, Texas**
**Trial Court Cause No. 178818**

## MEMORANDUM OPINION

A jury convicted appellant Lashawn Monique Darnell of assault causing bodily injury, and the trial court sentenced her to one year in jail, probated for 24 months, and assessed a $1,000 fine. Appellant challenges her conviction in two issues, arguing that her trial counsel rendered ineffective assistance of counsel. We affirm.

### BACKGROUND

Appellant brought her car to Wal-Mart for servicing. Complainant Laura Cook was a Wal-Mart employee in the automotive department. When appellant attempted to check out, Cook used incorrect paperwork and gave appellant the wrong car keys.

Appellant berated Cook for the mistake. After appellant paid for the service, Cook turned away from appellant to retrieve the correct keys, and appellant slapped Cook's face.

Cook then called for a manager over the intercom, and assistant manager Edgard Colomer arrived in the automotive department. Colomer spoke to Cook and noticed a red mark on the side of Cook's face. Colomer then asked appellant if she hit Cook, and appellant responded, "No, I didn't hit her. I slapped her."

## ANALYSIS

In her first and second issues, appellant contends she was denied effective assistance of counsel because her trial counsel (1) did not object to certain evidence; (2) failed to adequately cross-examine the State's witnesses; (3) lacked an understanding of the crime charged and the law; and (4) did not object to the State's improper closing argument.

To establish ineffective assistance of counsel, appellant must show by a preponderance of the evidence that (1) counsel's performance was deficient because it fell below an objective standard of reasonableness; and (2) the deficient performance caused appellant prejudice because there is a probability sufficient to undermine confidence in the outcome that but for counsel's unprofessional errors, the result of the proceeding would have been different. *See Lopez v. State*, 343 S.W.3d 137, 142 (Tex. Crim. App. 2011) (citing *Strickland v. Washington*, 466 U.S. 668 (1984)). For an appellate court to conclude that counsel's performance was deficient, the deficiency must be affirmatively demonstrated in the trial record. *Id*.

Although an appellant may claim ineffective assistance of counsel for the first time on direct appeal, the record in such a case often will not be sufficient to show that counsel's performance was deficient. *Cannon v. State*, 252 S.W.3d 342, 347 n. 6, 349 (Tex. Crim. App. 2008). In such a case, we will not find deficient performance unless counsel's conduct is so outrageous that no competent attorney would have engaged in it. *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005).

## I.    Objections to Evidence

Appellant contends that trial counsel rendered ineffective assistance because counsel failed to object to (1) the admission of a surveillance video when a predicate was never laid; (2) the admission of photographs of Cook's face; and (3) the State's questions that called for Cook to speculate.

At trial, the State offered a surveillance video into evidence and counsel said, "No objection." Appellant contends counsel should have objected because no predicate was laid prior to admission. The record contains nothing to suggest that a predicate could not have been laid for the video by witness testimony that the matter is what it is claimed to be. *See* Tex. R. Evid. 901(b)(1); *see also Whitmore v. State*, Nos. 05-07-00292-CR, 05-07-00293-CR, 2007 WL 3293640, at *2–3 (Tex. App.—Dallas Nov. 8, 2007, no pet.) (not designated for publication) (no ineffective assistance based on failure to object to lack of foundation because the record did not establish the evidence would have been excluded); *Coker v. State*, No. 08-02-00014-CR, 2004 WL 1194362, at *3 (Tex. App.—El Paso May 27, 2004, pet. ref'd) (mem. op., not designated for publication) (no ineffective assistance based on failure to object to lack of foundation because there was no evidence in the record suggesting that the State would have been unable to lay a proper foundation). Further, the State presented testimony from a Wal-Mart employee who maintained and operated the surveillance system and compiled the video. Cook also testified about the contents of the video. Because trial counsel is under no obligation to do futile acts, appellant fails to demonstrate that the failure to object to the introduction of the video was deficient performance. *See Holland v. State,* 761 S.W.2d 307, 319 (Tex. Crim. App. 1988); *see also McGee v. State*, No. 14-94-00563-CR, 1997 WL 566202, at *5 (Tex. App.—Houston [14th Dist.] Sept. 11, 1997, pet. ref'd) (not designated for publication) (no ineffective assistance based on failure to object to lack of foundation when the State's witness testified about the contents of the video). Finally, counsel could have had a reasonable trial strategy to allow admission of the video because it did not

3

show the actual assault; indeed, counsel relied on this fact throughout trial to demonstrate a weakness in the State's case.

The State also introduced photographs of Cook's face that were taken after the incident. Appellant contends counsel should have objected to the admission of the photographs, but she does not specify any grounds for objecting. Because appellant fails to specify what valid objection counsel should have made, she has not demonstrated deficient performance. *See, e.g.*, *Rodriguez v. State*, 329 S.W.3d 74, 84 (Tex. App.—Houston [14th Dist.] 2010, no pet.) (no deficient performance when appellant fails to identify the particular objection counsel should have made).

At trial, Cook was asked whether she had "any reason to believe the slap was accidental." Cook said, "No." Appellant contends that counsel's failure to object was deficient performance because the question called for speculation. The record shows that Cook's opinion was rationally based on her own perception — she explained that she saw appellant slap her, and appellant had to come around the counter to slap her — and the opinion was helpful for determining a fact in issue. *See* Tex. R. Evid. 701. Thus, counsel was not deficient for failing to object. *See Ex parte White*, 160 S.W.3d 46, 53 (Tex. Crim. App. 2004) (no deficient performance for failing to object to alleged speculation; the witness's "testimony that the applicant intentionally ran over the victims with his truck was admissible under Texas Rule of Evidence 701 because the lay witness's opinion was rationally based on his own perception and was helpful in the determination of a fact in issue").

## II.   Cross-Examination

Appellant complains that counsel's cross-examination of the State's witnesses was inadequate. There is no explanation from counsel or anything else in the record to suggest that counsel was not following a plausible trial strategy. Absent very strong impeachment evidence, none of which appears in this record, trial counsel's decision about how to proceed with cross-examination often is a matter of trial strategy. *See, e.g.*, *Ex parte McFarland*, 163 S.W.3d 743, 756 (Tex. Crim. App. 2005). Thus, appellant has

4

not demonstrated counsel's deficient performance. *See, e.g.*, *Dannhaus v. State*, 928 S.W.2d 81, 88 (Tex. App.—Houston [14th Dist.] 1996, pet. ref'd).

## III. Understanding of Crime Charged and Lesser Included Offense

Appellant argues that counsel appeared to have a lack of understanding of the law because (1) counsel asked the court for a charge on an offense that was not an available lesser included offense; and (2) co-counsel made several objections during trial. Assuming without deciding that counsel was deficient, appellant has failed to demonstrate any prejudice. She has not shown that she was entitled to a lesser charge or that co-counsel's participation at trial harmed her defense in any way. *See Phelps v. State*, No. 07-10-00443-CR, 2011 WL 2582810, at *4–5 (Tex. App.—Amarillo June 29, 2011, pet. ref'd) (mem. op., not designated for publication) (no ineffective assistance when counsel's failure to understand the law did not affect the outcome); *see also Alexander v. State*, 282 S.W.3d 701, 707 (Tex. App.—Houston [14th Dist.] 2009, pet. ref'd) (partial reliance on co-counsel was not deficient performance); *cf. Davis v. State*, 930 S.W.2d 765, 768 (Tex. App.—Houston [1st Dist.] 1996, pet. ref'd) (reasonable trial strategy to not request an available charge on a lesser included offense).

## IV. Failure to Object During Closing Arguments

Appellant contends counsel failed to object to the State's closing argument asking the jury to put themselves in the shoes of the victim. Appellant points to the following statements made by the State:

> Suppose you had been the person in line at that Wal-Mart on that day or suppose you or somebody that you know or love, somebody in your family, would have been the cashier that day. Just imagine that. Think about what if this was not Laura Cook or this was you working at the Wal-Mart or your son or daughter working at the Wal-Mart.

>     *      *      *

> What would you have done if you would have been Ms. Cook in that situation?

&ast;    &ast;    &ast;

Imagine you or someone you know was the cashier who was assaulted that day. Imagine that.

Assuming without deciding that these statements were objectionable, we cannot conclude counsel was deficient for failing to object. The record is silent as to why counsel failed to object, and appellant has failed to rebut the presumption that counsel's conduct was "reasonably based in sound trial strategy." *See Mata v. State*, 226 S.W.3d 425, 431 (Tex. Crim. App. 2007). This presumption "compels [us] to consider ways in which trial counsel's actions were within the bounds of professional norms." *Id.*. Not objecting to patently improper argument may be a strategic decision; a plausible trial strategy is to refrain from directing the jury's attention to the argument. *See Richards v. State*, 912 S.W.2d 374, 381 (Tex. App.—Houston [14th Dist.] 1995, pet. ref'd); *see also Bryant v. State*, 282 S.W.3d 156, 173 (Tex. App.—Texarkana 2009, pet. ref'd); *Brennan v. State*, 334 S.W.3d 64, 76–77 (Tex. App.—Dallas 2009, no pet.). Appellant has failed to show deficient performance.

Appellant's first and second issues are overruled.

## CONCLUSION

Having overruled all of appellant's issues, we affirm the trial court's judgment.


/s/  William J. Boyce
     Justice


Panel consists of Justices Seymore and Boyce and Senior Justice Mirabal.[*]

Do Not Publish — Tex. R. App. P. 47.2(b).

---

[*] Senior Justice Margaret Garner Mirabal sitting by assignment. *See* Tex. Gov't Code Ann. § 74.003(h) (Vernon 2005).