

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-14-00042-CR

FRANCISCO JAVIER PEDRAZA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 69th District Court
Moore County, Texas
Trial Court No. 4903, Honorable Ron Enns, Presiding

January 16, 2015

## MEMORANDUM OPINION

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

Appellant, Francisco Javier Pedraza, appeals the trial court's judgment by which he was convicted of continuous sexual abuse of a young child and sentenced to life imprisonment as punishment.[1] On appeal, he contends that the State's attorney improperly commented on the presumption of innocence. He also contends that the cumulative effect of that error and several other errors concerning the trial court's admission of evidence were harmful. We will affirm.

---

[1] See TEX. PENAL CODE ANN. § 21.02 (West Supp. 2014).

Motion for Mistrial

Appellant first contends that the trial court erred by denying his motion for mistrial made in connection with the following exchange:

STATE'S ATTORNEY: You haven't taken responsibility for it; have you?

APPELLANT: Responsibility [for] what?

DEFENSE COUNSEL: Objection, Your Honor. That's an improper question. It's assuming the defendant is guilty.

STATE'S ATTORNEY: Yes, I do assume he's guilty, and that's a question I can ask.

DEFENSE COUNSEL: That's a speaking objection as well.

THE COURT: I'll sustain both objections. You may ask your next question.

DEFENSE COUNSEL: Objection, Your Honor. The statement by counsel that she assumes he's guilty changes the burden of proof in this case and we ask for a mistrial.

THE COURT: I will overrule that objection. I'm going to instruct the jury to disregard the statement of counsel about any assumption that she has that somebody is guilty. You may proceed.

Mistrial is an extreme remedy that is reserved for a very narrow classification of circumstances involving highly prejudicial and incurable errors. *See Ocon v. State*, 284 S.W.3d 880, 884 (Tex. Crim. App. 2009). A mistrial is used to halt proceedings when the error involved makes the expenditure of further time and expense wasteful and futile. *Id.* A trial court's decision to deny a motion for mistrial is reviewed under an abuse of discretion standard. *Coble v. State*, 330 S.W.3d 253, 292 (Tex. Crim. App. 2010); *Ocon*, 284 S.W.3d at 884. The denial of a motion for mistrial must be upheld if it was within the zone of reasonable disagreement. *See Coble*, 330 S.W.3d at 292; *Ocon*, 284 S.W.3d at 884.

2

The decision to grant a mistrial is governed by the particular facts of the case. *Ocon*, 284 S.W.3d at 884. "Only in extreme circumstances, where the prejudice is incurable, will a mistrial be required." *Archie v. State*, 221 S.W.3d 695, 699 (Tex. Crim. App. 2007) (quoting *Hawkins v. State*, 135 S.W.3d 72, 77 (Tex. Crim. App. 2004) (en banc)). "[O]rdinarily, any injury from improper jury argument is obviated when the court instructs the jury to disregard, unless the remark is so inflammatory that its prejudicial effect cannot reasonably be removed by such an admonishment." *Long v. State*, 823 S.W.2d 259, 269–70 (Tex. Crim. App. 1991) (en banc) (quoting *Bower v. State*, 769 S.W.2d 887, 907 (Tex. Crim. App. 1989) (en banc), and reviewing motion for mistrial based on prosecutor's comment in same manner as one based on improper jury argument). If the trial court's instruction can be said to have removed the prejudicial effect of the improper question or remark, no error will result from denial of the motion for mistrial. *See Richards v. State*, 912 S.W.2d 374, 378 (Tex. App.—Houston [14th Dist.] 1995, pet. ref'd). In determining whether an exception exists to the general rule that an instruction renders the error harmless, again, we look at the "particular and unique facts" of each case. *See Williams v. State*, 643 S.W.2d 136, 138 (Tex. Crim. App. [Panel Op.] 1982).

Assuming for the sake of our analysis that defense counsel's objection to the State's comment was rightly sustained because the comment was error, we look to whether the trial court's denial of defense counsel's motion for mistrial was reversible error. We note that immediately after the trial court sustained defense counsel's objection and denied his motion for mistrial, the trial court *sua sponte* instructed the jury with regard to the comment from the State's attorney: "I'm going to instruct the jury to

disregard the statement of counsel about any assumption that she has that somebody is guilty. You may proceed."

As the State points out in its brief to this Court, it could hardly be shocking to the jury that the State's attorney believed appellant to be guilty; surely, if the State believed otherwise, it would not be prosecuting appellant for the offenses charged. Nonetheless, the statement is an irresponsible one and care should be taken to keep the State's attorney's personal opinion out of the matter. Here, though, the trial court took prompt action without placing too much emphasis on the comment and redirected the jury to disregard that comment. Additionally, the jury was later charged properly on the presumption that appellant is innocent and the proper placement of the burden of proof beyond a reasonable doubt on the shoulders of the State. The trial court's instructions were sufficient to render harmless any error presented by the State's comment regarding her assumption of appellant's guilt. *See Long*, 823 S.W.2d at 269–70; *Richards*, 912 S.W.2d at 377–78. Though unprofessional, the State's comment was not of such character as to suggest the impossibility of withdrawing the impression produced on the minds of the jury. *See Richards*, 912 S.W.2d at 378. Based on the record as it stands before us, we are able to say that the instruction removed the prejudicial impact of the State's comment, and we, therefore, cannot say the trial court abused its discretion by denying the motion for mistrial. We overrule appellant's first point of error.

Cumulative Error

Appellant next contends that error associated with the State's improper comment, when considered with a variety of alleged evidentiary errors, constituted cumulative reversible error.

Standard of Review

We review the trial court's decision to exclude or admit evidence for an abuse of discretion. *Montgomery v. State*, 810 S.W.2d 372, 379 (Tex. Crim. App. 1990) (en banc) (citing *Marras v. State*, 741 S.W.2d 395, 404 (Tex. Crim. App. 1987) (en banc)). The test for abuse of discretion is whether the trial court acted without reference to any guiding rules and principles. *Id.* at 380. We will uphold the trial court's ruling "so long as the result is not reached in an arbitrary or capricious manner." *Id.* Further, we will sustain the trial court's decision if that decision is correct on any theory of law applicable to the case. *Romero v. State*, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990) (en banc).

Statement to Responding Officer

Appellant contends that complainant A.P.'s statement to police officer Cammi Clark that appellant raped her was not an excited utterance and was, therefore, inadmissible hearsay. We look to the evidence that, when the statement was made to officer Clark, Clark had been called in response to a report that ten-year-old A.P. was planning on running away from home. Clark testified that A.P. was crying, upset, and "very emotional" when she told Clark that her father had raped her. We cannot say that the trial court abused its discretion when it admitted Clark's testimony over appellant's hearsay objection. Further, any error in the admission of Clark's testimony would be

harmless in light of the fact that A.P. testified to the very same facts later. *See Lane v. State*, 151 S.W.3d 188, 192–93 (Tex. Crim. App. 2004) (holding that any error in admission over hearsay objection of the victim's out-of-court statements was harmless when same evidence was introduced several times elsewhere without objection).

Post-examination Statements to Sexual Assault Nurse Examiner

Appellant agrees that sexual assault nurse examiner Becky O'Neill was the properly identified outcry witness and that most of her testimony is admissible because she was such. There is testimony, however, that appellant maintains was outside the scope of O'Neill's capacity to testify as an outcry witness. That testimony revolves around A.P.'s statements to O'Neill that A.P. was glad to have told about the abuse but that she feared what would happen to her father now. Appellant contends that O'Neill, as the outcry witness, could only testify to A.P.'s statements describing the alleged offense and cites in support of his contention *Gallegos v. State*, 918 S.W.2d 50, 56 (Tex. App.—Corpus Christi 1996, pet. ref'd).

However, O'Neill was also the sexual assault nurse examiner who examined A.P. and, as such, was qualified to testify to A.P.'s statements as they related to the proper medical diagnosis and treatment. *See* Tex. R. Evid. 803(4) (providing exception to the hearsay rule for "[s]tatements made for purposes of medical diagnosis or treatment and describing medical history, or past or present symptoms, pain, or sensations, or the inception or general character of the cause or external source thereof insofar as reasonably pertinent to diagnosis or treatment"). The State responds that A.P.'s statements reveal her fragile state of mind and also speak to the need for further medical treatment for A.P. in the form of counseling. Indeed, O'Neill's testimony

6

regarding A.P.'s statement not only spoke to the source of A.P.'s injuries but also was relevant to developing a plan for follow-up medical treatment for her. *See Burns v. State*, 122 S.W.3d 434, 438–39 (Tex. App.—Houston [1st Dist.] 2003, pet. ref'd) (concluding that challenged testimony from examining doctor regarding reason for not reporting abuse earlier was relevant to victim's "emotional issues" and "would help determine her future course of treatment"). We cannot say that the trial court abused its discretion by admitting the challenged portion of O'Neill's testimony.

Social Media Post

Appellant posted a dirty joke on social media on the day of or the day after the date of an alleged instance of assault of one of his daughters, and the State sought to admit the post. Appellant objected at trial that the post was irrelevant and more prejudicial than probative. At trial and on appeal, the State contends that the joke, posted at a time very near one of the alleged assaults, was relevant to appellant's state of mind.

"Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. TEX. R. EVID. 401. "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or needless presentation of cumulative evidence." TEX. R. EVID. 403. When called on to analyze evidence in light of a Rule 403 objection, the trial court must balance the following considerations: (1) the inherent probative force of the proffered evidence along with (2) the proponent's need for that evidence against (3)

any tendency of the evidence to suggest decision on an improper basis, (4) any tendency of the evidence to confuse or distract the jury from the main issues, (5) any tendency of the evidence to be given undue weight by a jury that has not been equipped to evaluate the probative force of the evidence, and (6) the likelihood that presentation of the evidence will consume an inordinate amount of time or merely repeat evidence already admitted. *Gigliobianco v. State*, 210 S.W.3d 637, 641–42 (Tex. Crim. App. 2006).

The substance of the posted joke has, according to the State's theory of admissibility, some—albeit minimal—probative value in that it could be said to be relevant to intent. Perhaps the timing of the post is the most valuable aspect of the evidence in that regard. The State maintains that, because appellant denied the allegations that he sexually assaulted his daughters, it had a great need for the evidence to undermine his alternative theory of why the daughters were making the accusations. The State had other, more probative evidence, however, in the form of the daughters' testimony and medical evidence. The State's need for the only somewhat probative evidence was minimal. Appellant contends that the State confused the issue to which the dirty joke was relevant by emphasizing that one of appellant's daughters might have had access to the joke on his social media page. This fact, appellant maintains, could have misled the jury and suggested that the jury rendered its verdict on an improper basis: that appellant was a careless father who permitted his daughter access to a dirty joke on social media. Much more likely, however, is that the jury was able to assign the proper value to the social media post as it considered the entirety of the evidence before it. Though the parties spend a fair amount of time at the bench

8

arguing about the admissibility of the evidence, neither party spent an extraordinary length of time on the topic before the jury. All things considered, the evidence was probably of minimal value and minimal prejudice; it was, at least, within the zone of reasonable disagreement to find that it is admissible.

Even if we were to assume otherwise—that admission of the social media post was erroneous—such error would have been harmless in light of the other evidence before the trial court, including direct testimony from the complainants and evidence from the sexual assault examination. Our review of the record gives us fair assurance that any assumed error associated with the social media post would not have influenced the jury, or it would have had but a slight effect. *See Taylor v. State*, 268 S.W.3d 571, 592 (Tex. Crim. App. 2008); *see also* TEX. R. APP. P. 44.2(b) (providing that "[a]ny [nonconstitutional] error, defect, irregularity, or variance that does not affect substantial rights must be disregarded").

With that, we overrule appellant's second point of error relating to the cumulative effect of the admission of certain items of evidence.

Conclusion

Having overruled both of appellant's points of error, we affirm the judgment of the trial court. *See* TEX. R. APP. P. 43.2(a).

Mackey K. Hancock
Justice

Do not publish.

9