**Opinion issued July 28, 2016**



In The

# Court of Appeals

For The

# First District of Texas

————————————

**NO. 01-15-00668-CR**

**NO. 01-15-00669-CR**

————————————

**ROBERT LEE TINSLEY, IV, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 262nd District Court**
**Harris County, Texas**
**Trial Court Case Nos. 1453002 & 1453003**

## MEMORANDUM OPINION

A jury found appellant, Robert Lee Tinsley, IV, guilty of two separate offenses of aggravated sexual assault of a child[1] and assessed his punishment at

---

[1]     *See* TEX. PENAL CODE ANN. § 22.021(a)(1)(B)(iii) (Vernon Supp. 2015).

confinement for eighteen years for the first offense[2] and ten years for the second offense.[3] The trial court ordered that the sentences run concurrently. In his sole issue, appellant contends that his trial counsel provided him with ineffective assistance.

We affirm.

## Background

The complainant testified that when she was five years old, appellant, her uncle and adoptive father, came into where she slept in the living room of their home. He then gave her an alcoholic drink and "stuck his wee-wee," his "private area," "inside of [her]," in her "vagina" "[w]here the baby comes out." Although the complainant knew that this was "wrong," she was "scared" and thought she would "get in trouble." She explained that this happened "[m]ore than once."

The complainant further testified that when she was eight or nine years old, appellant "told [her] to come downstairs" after "everybody went to sleep" because he had for her a "surprise," which she thought was a "present or something." Instead, when she came downstairs, he "told [her] to pull down [her] pants." Appellant then "pulled down" his pants and underwear, and he "stuck his wee-wee," his "private area," "inside of [her]" "where the baby comes out."

---

[2]     Appellate cause no. 01-15-00668-CR, trial court cause no. 1453002.

[3]     Appellate cause no. 01-15-00669-CR, trial court cause no. 1453003.

The complainant also explained that she had "felt [appellant's] finger inside of [her] before" and he had touched her with his hand and finger on her body "[w]here the baby comes out." He had also "put his mouth on" her "private part," which "[h]urt." The complainant noted that her "private part" is her "vagina." She explained that appellant's behavior started when she was five years old and she "told somebody" about what he had done to her when she was nine years old.

Appellant's wife, the complainant's adoptive mother ("the complainant's mother"), testified that she and appellant took custody of the complainant when she was two years old, after her biological mother, appellant's sister, had "abandoned her in [a] parking lot." Thereafter, the complainant lived with appellant, the complainant's mother, and the other three daughters of the complainant's mother. On March 25, 2014, when the complainant was nine years old, she told her mother that appellant "had touched her inappropriately." Based on what she said, it was clear to the complainant's mother that she was "crying [out]" because of "sexual abuse" and "she had been sexually assaulted" "[m]ore than one time."

After the complainant told her mother "everything that had happened," the complainant's mother "took [her] to the hospital" in order to "make sure she was okay and to get her help." While at the hospital, the complainant's mother telephoned appellant to tell him "what was happening." In response to her telephone call, appellant said, "[W]hy did [you] go there? We could have settled this at home."

3

Appellant's reaction concerned the complainant's mother because he did not "ask" whether the complainant was "okay," he did not say, "I'm coming [to the hospital] because somebody hurt [the complainant] and it wasn't me," and he "wanted [the family] to stay at home and settle it at home instead of making sure [the complainant] was okay." Based on her conversation with appellant, she believed that the complainant was telling the "truth."

## Standard of Review

To prove a claim of ineffective assistance of counsel, appellant must show that (1) his trial counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687–88, 694, 104 S. Ct. 2052, 2064, 2068 (1984); *Lopez v. State*, 343 S.W.3d 137, 142 (Tex. Crim. App. 2011). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068. In reviewing counsel's performance, we look to the totality of the representation to determine the effectiveness of counsel, indulging a strong presumption that counsel's performance falls within the wide range of reasonable professional assistance or trial strategy. *See Robertson v. State*, 187 S.W.3d 475, 482–83 (Tex. Crim. App. 2006). Appellant has the burden to establish both prongs by a preponderance of the evidence. *Jackson v. State*, 973

4

S.W.2d 954, 956 (Tex. Crim. App. 1998). "An appellant's failure to satisfy one prong of the *Strickland* test negates a court's need to consider the other prong." *Williams v. State*, 301 S.W.3d 675, 687 (Tex. Crim. App. 2009); *see also Strickland*, 466 U.S. at 697, 104 S. Ct. at 2069.

We note that, generally, a silent record that provides no explanation for counsel's actions will not overcome the strong presumption of reasonable assistance. *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005). In the rare case in which trial counsel's ineffectiveness is apparent from the record, an appellate court may address and dispose of the claim on direct appeal. *Lopez*, 343 S.W.3d at 143. However, the record must demonstrate that counsel's performance fell below an objective standard of reasonableness as a matter of law and no reasonable trial strategy could justify trial counsel's acts or omissions, regardless of counsel's subjective reasoning. *Id.*

**Ineffective Assistance of Counsel**

In his sole issue, appellant argues that his trial counsel did not provide him with effective assistance during the guilt phase of trial because he did not object to the State's "improper" comment, during closing argument, regarding appellant's "failure to testify."

Under the first prong of *Strickland*, appellant must show that his counsel's performance fell below an objective standard of reasonableness. *See Robertson*, 187

5

S.W.3d at 483; *Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999). To successfully assert that his trial counsel's failure to object amounted to ineffective assistance, appellant must show that the trial court would have committed error in overruling the objection. *See Vaughn v. State*, 931 S.W.2d 564, 566 (Tex. Crim. App. 1996); *DeLeon v. State*, 322 S.W.3d 375, 381 (Tex. App.—Houston [14th Dist.] 2010, pet. ref'd). The failure of counsel to object to an argument that was not improper does not constitute ineffective assistance. *Richards v. State*, 912 S.W.2d 374, 379 (Tex. App.—Houston [14th Dist.] 1995, pet. ref'd); *Davis v. State*, 830 S.W.2d 762, 766 (Tex. App.—Houston [1st Dist.] 1992, pet. ref'd).

Proper jury argument is generally limited to: (1) summation of the evidence presented at trial; (2) reasonable deductions drawn from that evidence; (3) answers to opposing counsel's argument; and (4) pleas for law enforcement. *Westbrook v. State*, 29 S.W.3d 103, 115 (Tex. Crim. App. 2000); *Swarb v. State*, 125 S.W.3d 672, 685 (Tex. App.—Houston [1st Dist.] 2003, pet. dism'd). The fact that a defendant did not testify does not fall into any of these categories and may not be the subject of comment by the State. *Cruz v. State*, 225 S.W.3d 546, 548 (Tex. Crim. App. 2007); *Bustamante v. State*, 48 S.W.3d 761, 764–65 (Tex. Crim. App. 2001).

Here, appellant complains of the following argument of the State:

So, I don't know what they want you to believe, but I do want you to think that if any one of those things happens to be jumping out in your mind right now, like, still is a question for me, you need to look no further than the Defendant's words himself to know what you really

6

should be thinking about this case. Because remember what [the complainant's mother] told you when she's in the hospital and she's calling her husband and she's saying [the complainant] is saying that you molested her. What does he say first? He says, why did you go to the hospital? Why didn't you talk to me about it? We could have stayed home and discussed it and kept it in the family? An innocent man when he is accused of sexually molesting his own daughter doesn't come out and say that first. He probably wants to deny it. An innocent man who is accused of molesting a child wants to set the record straight. And an innocent man who knows that he's not the one who did it to his kid is worried about that little child that's in the hospital. An innocent man does not tell his wife let's keep it in the family, why did you have to go to the hospital?

The State violates a defendant's constitutional and statutory privilege against self-incrimination by referring to his failure to testify. U.S. CONST. amend. V; TEX. CONST. art. I, § 10; TEX. CODE CRIM. PROC. ANN. art. 38.08 (Vernon 2005); *Archie v. State*, 340 S.W.3d 734, 738 (Tex. Crim. App. 2011); *Canales v. State*, 98 S.W.3d 690, 695 (Tex. Crim. App. 2003); *Emigh v. State*, 916 S.W.2d 71, 73 (Tex. App.— Houston [1st Dist.] 1996, no pet.). Argument constitutes a comment upon a defendant's failure to testify where "the language used was manifestly intended or was of such a character that the jury would necessarily and naturally take it as a comment on the defendant's failure to testify." *Canales*, 98 S.W.3d at 695 (internal quotations omitted). In other words, the State's comment is improper when it clearly refers to the defendant's failure to testify. *Id.*; *Bustamante*, 48 S.W.3d at 765. It is not sufficient that the language might be construed as an implied or indirect allusion.

*Bustamante*, 48 S.W.3d at 765. The context in which the comment was made must be analyzed. *Canales*, 98 S.W.3d at 695.

Considering the context of the State's comment, the State was reviewing for the jury the substance of the testimony of the complainant's mother. During her testimony, the complainant's mother explained that when she telephoned appellant to tell him that she had taken the complainant to the hospital and about "what was happening," his reaction led her to believe the complainant. Specifically, upon hearing that the complainant was in the hospital, appellant asked the complainant's mother: "[W]hy did [you] go there? We could have settled this at home." This reaction concerned the complainant's mother because, as she explained, appellant did not ask whether the complainant was "okay" and did not say, "I'm coming [to the hospital] because somebody hurt [my] child, and it wasn't me."

Summation of the evidence presented at trial constitutes proper jury argument. *Westbrook*, 29 S.W.3d at 115. And the State made its summation of the evidence during closing argument in response to appellant's argument that because "there wasn't enough evidence" "to convict [him]," the jury should find him "not guilty." *See id.* (general areas of proper argument include answering argument of opposing counsel); *Canales*, 98 S.W.3d at 695 (responding to opposing counsel's argument permissible area of jury argument).

The complained-of argument by the State did not constitute a comment on appellant's failure to testify, but rather proper jury argument. *Westbrook*, 29 S.W.3d at 115; *Canales*, 98 S.W.3d at 695. Proper jury argument is not objectionable, and counsel cannot be ineffective for not objecting to it. *Weinn v. State*, 281 S.W.3d 633, 640–41 (Tex. App.—Amarillo 2009), *aff'd on other grounds*, 326 S.W.3d 189 (Tex. Crim. App. 2010); *Richards*, 912 S.W.3d at 380; *see also Smith v. State*, Nos. 01-05-01095-CR, 01-05-01096-CR, 2007 WL 79475, at *12 (Tex. App.—Houston [1st Dist.] Jan. 11, 2007, pet. ref'd) (mem. op., not designated for publication) (argument constituted "summation of the evidence and reasonable deductions from the evidence" and counsel's not objecting not ineffective assistance).

Because the complained-of portion of the State's argument did not constitute a comment on appellant's failure to testify, we cannot conclude that his counsel's decision not to object to it fell below an objective standard of reasonableness. Accordingly, we hold that appellant has not satisfied *Strickland*'s first prong and has failed to show, by a preponderance of the evidence, that he received ineffective assistance of counsel at trial.

We overrule appellant's sole issue.

## Conclusion

We affirm the judgment of the trial court.

Terry Jennings
Justice

Panel consists of Chief Justice Radack and Justices Jennings and Lloyd.

Do not publish. TEX. R. APP. P. 47.2(b).