

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-19-00267-CR

John Marshall **LEE**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 2nd 25th Judicial District Court, Guadalupe County, Texas
Trial Court No. 00-0495-CR
Honorable Gus J. Strauss, Jr., Judge Presiding

Opinion by:   Rebeca C. Martinez, Justice

Sitting:   Sandee Bryan Marion, Chief Justice
   Rebeca C. Martinez, Justice
   Irene Rios, Justice

Delivered and Filed: April 15, 2020

AFFIRMED

John Marshall Lee appeals his conviction of murder.  In a single issue on appeal, Lee contends he received ineffective assistance of counsel.  We affirm the trial court's judgment.

### BACKGROUND

On the night of February 5, 2000, Lee and Larry Holt ordered Elizabeth Tatum and Ricardo Gutierrez out of their vehicle at gunpoint, robbed them of their jewelry and cash, and carjacked their vehicle.  Lee was in the driver's seat, and Holt was in the front passenger's seat.

Gutierrez then notified authorities, and the police responded. At high speed, police officers pursued Lee and Holt by vehicle from New Braunfels, Texas to Marion, Texas. The pursuit ended when Lee crashed into a parked vehicle in a residential neighborhood in Marion. Misty Milligan was seated inside the parked vehicle. She died on impact. Holt died at the scene of the collision soon thereafter.

Following a trial by jury, Lee was found guilty of the murder of Milligan and Holt. The jury assessed punishment at ninety-nine years' and forty years' confinement, respectively.

On March 27, 2019, the Texas Court of Criminal Appeals found that Lee was entitled to file an out-of-time direct appeal. *Ex parte Lee*, No. WR-42,153-05, 2019 WL 1433730, at *1 (Tex. Crim. App. Mar. 27, 2019) (per curiam) (not designated for publication). This appeal ensued. In his sole issue, Lee contends that he received ineffective assistance of counsel at trial.

INEFFECTIVE ASSISTANCE OF COUNSEL

When evaluating a claim of ineffective assistance of counsel, we use the two-pronged test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). Under *Strickland*, the defendant must prove by a preponderance of the evidence that (1) his counsel's performance was deficient in that it fell below an objective standard of reasonableness, and (2) counsel's deficient performance prejudiced his defense. *See id.* at 687; *Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002). To show prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* Failure to show either deficient performance or prejudice defeats an ineffective assistance of counsel claim. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999).

Our review of counsel's representation is highly deferential, and we presume that counsel's conduct fell within the wide range of reasonable and professional assistance. *Strickland*, 466 U.S. at 689. It is the defendant's burden to "overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.* at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)).

## ANALYSIS

Lee contends that his trial counsel was ineffective for failing to object to the following statements the State made in its closing argument:

> Sometimes it is said that the job of defense lawyers is to get jurors to go down rabbit trails. I think you know what rabbit trails are. They are the little faint trails through the grass or pasture that lead away from the main road that leads to truth. I ask you not to be deceived. Don't go down those rabbit trails. Stay on the main road. I ask you to return a verdict of which you can be proud, guilty as charged.

Lee argues that because his trial counsel did not object to these comments, error was not preserved and, thus, he cannot complain on appeal about the State's improper closing argument.

On this record, we cannot conclude that Lee's trial counsel performed deficiently by failing to object. Assuming without deciding that these statements were objectionable, the record is silent as to why counsel failed to object, or chose not to object, to the State's closing argument. "When the record is silent on the motivations underlying counsel's tactical decisions, the [defendant] usually cannot overcome the strong presumption that counsel's conduct was reasonable." *Mallett v. State*, 65 S.W.3d 59, 63 (Tex. Crim. App. 2001). Moreover, counsel may have chosen strategically not to object so as not to direct the jury's attention to the State's closing argument by objecting. *See Richards v. State*, 912 S.W.2d 374, 381 (Tex. App.—Houston [14th Dist.] 1995, pet. ref'd) (determining counsel's failure to object to the State's improper comments may have been reasonable trial strategy); *see also Andrews v. State*, 159 S.W.3d 98, 103 (Tex. Crim. App. 2005) (stating that when a reviewing court "can conceive potential reasonable trial strategies" for

counsel's conduct, it "cannot conclude that counsel has performed deficiently"). Because the record is silent as to why counsel failed to object, or chose not to object, to the State's closing argument, Lee has failed to overcome the strong presumption that his counsel's actions fell within the wide range of reasonable and professional assistance. *See Mallett*, 65 S.W.3d at 63.

### CONCLUSION

We conclude Lee has failed to prove his counsel's performance was deficient and, thus, he cannot show he received ineffective assistance of counsel. *See Thompson*, 9 S.W.3d 808 at 813. We overrule Lee's sole issue on appeal and, accordingly, affirm the trial court's judgment.

Rebeca C. Martinez, Justice

DO NOT PUBLISH